## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v | § | |
| | § | CIVIL ACTION NO._____ |
| HOUSTON INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | JURY TRIAL DEMANDED |
| AUGUSTA MARKETING | § | |
| PRODUCTS, LLC, | § | |
| TARHEEL PROMOTIONS, INC. | § | |
| and | § | |
| KATHY BAKER | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Springboards to Education, Inc. ("Springboard", "Springboards" or "Plaintiff") for its claims against Defendants, Houston Independent School District, Augusta Marketing Products, LLC, Tarheel Promotions, Inc. and Kathy Baker, ("Defendants"), respectfully alleges as follows:

## NATURE OF ACTION

1.      This is an action at law and in equity for trademark counterfeiting, trademark infringement, trademark dilution, and unfair competition arising from Defendants' unauthorized use of Springboard's federally registered trademarks. Springboard is the exclusive owner of all the trademark rights in and to the Springboards Trademarks (as referenced and outlined below and shown in Exhibit A) for various goods and services related to the educational field.

ORIGINAL COMPLAINT                                                                                                PAGE 1

2.      Springboard offers for sale reading programs and related educational products.  The Springboard Trademarks are uniquely associated with the Springboard brand and have come to symbolize the exceptional quality that consumers can expect from Springboard as the source of such products and services.  Accordingly, Springboard enjoys strong consumer loyalty, recognition, and goodwill in the educational field and its related marketplace.

3.      Springboard's claims in the present action arise from Defendants' unauthorized manufacture, production, distribution, advertisement, promotion, marketing, offering for sale, and/or sale of educational products and services bearing the Springboard Trademarks. Upon information and belief, Defendants are a major infringer of the Springboard Trademarks.  Defendants sell, offers to sell, and/or advertises directly to the consuming public, on a large scale, as to confuse the consumers as the origin of the infringing products and services.

4.      Defendants are not connected or affiliated with Springboard in any way, nor do Defendants have permission from Springboard to use any of its Trademarks or any other intellectual property belonging to Springboard.  Rather, Defendants are blatantly exploiting the Springboard Trademarks for their own commercial gain, intending to confuse and deceive the public by drawing on Springboard's goodwill in the marketplace.  By offering for sale the infringing products and services, Defendants intend to, is likely to, and do cause confusion and deceive consumers and the public regarding the source of Defendants' merchandise, all to the detriment of Springboard.

## THE PARTIES

5.      Springboards to Education, Inc. is a corporation organized and existing under the laws of the State of Texas, having its principal place of business at 3802 South Highway 281, Edinburg TX 78539.

6.      Upon information and belief, Houston Independent School District is organized and existing under the laws of the State of Texas, having its principal place of business at 4400 West 18th Street, Houston, Texas 77092.

7.      Augusta Marketing Products, LLC is organized and existing under the laws of the State of Texas, having its principal place of business at 2000 S Dairy Ashford Road, Suite465, Houston, Texas 77077.

8.      Tarheel Promotions, Inc. ("Tarheel") is organized and existing under the laws of the State of North Carolina, having its principal place of business at 3445 Carolina Avenue, Suite C, Charlotte, North Carolina 28208.   Upon information and belief, Tarheel is the parent company of Augusta Marketing Products, LLC and runs various other subsidiaries related to Augusta Marketing Products, LLC that do business under such names as The Augusta Group and Augusta Marketing Products.

9.      Upon information and belief, Kathy Baker is a resident under the laws of Texas having a business address of at1128 Westwood Drive #2, Houston, Texas, 77471.

ORIGINAL COMPLAINT                                                              PAGE 3

## JURISDICTION AND VENUE

10.     Springboards files this action against Defendants for trademark counterfeiting, trademark infringement, and trademark dilution under the Lanham (Trademark) Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition under the statutory and common law of the State of Texas.  This Court has subject matter jurisdiction over the trademark claims under 28 U.S.C. §§1331 and 1338(a).

11.     This Court has supplemental jurisdiction over the state law claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

12.     This Court has personal jurisdiction over Defendants because Defendants transact a sufficient amount of business in Texas by way of their interactive websites, multiple offices and countless schools that it runs—all of which are located within Texas. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this district.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### The Springboard Trademarks

1.     Springboard designs, markets, and sells reading and related products under the Springboard brand and its associated Trademarks.

2.     Springboard is the owner of the entire right, title and interest in and to various trademark registrations and applications for the Springboard brand for a variety of goods and services, including, but not limited to, the following U.S. trademark registrations (all certificates attached in Exhibit A):  Millionaire Reader® (U.S. Reg. No. 4,080,513);Million Dollar Reader® (U.S. Reg. No. 4,291,796); Millionaire's Reading Club® (U.S. Reg. No. 4,162,765); and Read A Million Words® (U.S. Reg. No. 3,955,345).

3.     The foregoing registrations are valid, subsisting, and in full force and effect.

4.     Additionally, Springboard has common law trademark rights in the Springboard unregistered trademarks for use in connection with products and services in the educational field and other related fields.

5.     Springboard began offering to sell, marketing and selling products and services bearing the Springboard Trademarks at least as early as 2005.

6.     Springboard maintains strict quality control standards for all goods and services under the Springboard brand and Trademarks.

ORIGINAL COMPLAINT                                                                                    PAGE 5

7.      Each year Springboard spends substantial resources in marketing and promoting the Springboard brand and Trademarks, and sells hundreds of thousands of dollars of goods and services bearing the Springboard brand and Trademarks.

8.      As a result of Springboard's exclusive and extensive use and promotion of the Springboard brand and Trademarks for many years, the marks have acquired enormous value and recognition in the United States and elsewhere throughout the world, all of which inures to the benefit of Springboard. Consumers, potential customers and other members of the public not only associate the Springboard brand and Trademarks with exceptional materials, style and workmanship approved by Springboard, but also recognize that goods and services bearing the Springboard brand and Trademarks originate exclusively with Springboard. Accordingly, the Springboard brand and Trademarks are symbols of Springboard's quality, reputation, and goodwill and serve as instant source identifiers for Springboard's products.

**Defendants' Infringing Activities**

9.      Upon information and belief, Defendants is manufacturing, advertising, promoting, distributing, offering for sale, and/or selling the products and/or services bearing marks and/or branding that is confusingly similar to and/or resembling the Springboards brand and Trademarks ("Counterfeit Products") throughout the United States.

ORIGINAL COMPLAINT                                                                 PAGE 6

10.     The breadth of Defendants' counterfeiting is extensive, as Defendants has sold at least thousands of pieces of Counterfeit Products.  Representative examples of Defendants' activities include, but are not limited to, the examples in Exhibit B.

11.     Upon information and belief, Defendants continues to offer the Counterfeit Products for sale.

12.     Defendants is not authorized and never have been authorized by Springboard to produce, manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing the Springboard brand and Trademarks, or any variations thereof.

13.     Upon information and belief, the Defendants' Counterfeit Products are of a quality substantially inferior to the Springboard brand and Trademarks.

14.     Upon information and belief, Defendants is aware of the extraordinary fame and strength of the Springboard brand and Trademarks, and the goodwill associated therewith. Upon information and belief, Defendants had access to the Springboard brand and Trademarks prior to Defendants' creation and sale of the Counterfeit Products.

15.     Upon information and belief, Defendants is actively using, promoting, and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of Counterfeit Products with the knowledge that such goods will be mistaken for genuine Springboard Products.

ORIGINAL COMPLAINT                                                                                   PAGE 7

16.     Upon information and belief, Defendants is conducting its counterfeiting and infringing activities within the United States.

17.     Defendants' use of unauthorized reproductions of Springboard brand and Trademarks in connection with the manufacturing, advertising, promoting, distributing, offering for sale, and/or selling of the Counterfeit Products is likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between genuine Springboard Products and Defendants' Counterfeit Products.

18.     Defendants is engaging in the above-described illegal counterfeiting knowingly and intentionally or at least with reckless disregard or willful blindness to Springboard's rights for the purpose of trading on the goodwill and reputation of Springboard. If Defendants' intentional counterfeiting and infringing activities are not permanently enjoined by this Court, Springboard and the consuming public will continue to be damaged.

19.     Springboard has no adequate remedy at law.

20.     Springboard is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

21.     The injuries and damages sustained by Springboard have been directly and proximately caused by the Defendants' wrongful reproduction, use, manufacture, design, distribution, advertisement, promotion, offering to sell, and sale of their Counterfeit Products.

## FIRST CLAIM FOR RELIEF

### (Trademark Counterfeiting — 15 U.S.C. § 1114)

22.     Springboard incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

23.     The registrations embodying the Springboard brand and Trademarks is in full force and effect, and the Springboard brand and Trademarks is entitled to protection under both federal law and common law.

24.     Defendant, without authorization from Springboard, has used and is continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Springboard brand and Trademarks in interstate commerce.

25.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion and to deceive consumers, the public, and the trade into believing that Defendants' Counterfeit Products are genuine or authorized products of Springboard.

ORIGINAL COMPLAINT                                                      PAGE 9

26.     Upon information and belief, Defendants has acted with knowledge of Springboard's ownership of the Springboard brand and Trademarks and with deliberate intention or reckless disregard to unfairly benefit from the incalculable goodwill inherent in the Springboard brand and Trademarks.

27.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

28.     Upon information and belief, Defendants has made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

29.     Upon information and belief, Defendants will continue its infringing acts, unless restrained by this Court.

30.     Defendants' acts have damaged and will continue to damage Springboard, and Springboard has no adequate remedy at law.

31.     In light of the foregoing, Springboard is entitled to and demands injunctive relief prohibiting Defendants from using the Springboard brand and Trademarks that are identical, substantially indistinguishable, and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Springboard has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant

ORIGINAL COMPLAINT                                                    PAGE 10

to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or

statutory damages pursuant to 15 U.S.0 § 1117(c).

### SECOND CLAIM FOR RELIEF

### (Trademark Infringement — 15 U.S.C. § 1114)

32.     Springboard incorporates herein by reference the averments of the preceding

paragraphs as though fully set forth herein.

33.     The Springboard brand and Trademarks are nationally recognized, as being affixed

to goods and merchandise of the highest quality and originating with Springboard.

34.     The registration embodying the Springboard brand and Trademarks is in full force

and effect, and entitled to protection under both federal law and common law.

35.     Defendants' unauthorized use of the Springboard brand and Trademarks in interstate

commerce and advertising of the same constitutes false designation of origin and a false

representation that the goods and services are manufactured, offered, sponsored, authorized, licensed

by or otherwise connected with Springboard or come from the same source as Springboard and are

of the same quality as goods bearing the Springboard brand and Trademarks.

36.     Defendants' use of the Springboard brand and Trademarks is without Springboard's permission or authority and is in total and willful disregard of Springboard's rights to control its trademarks.

37.     Defendants' activities are likely to lead to and result in confusion, mistake or deception and are likely to cause the public to believe that Springboard has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Springboard.

38.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Springboard and reap the benefit of Springboard's goodwill associated with the Springboard brand and Trademarks.

39.     As a direct and proximate result of Defendants' willful and unlawful conduct, Springboard has been damaged and will continue to suffer damage to its business and reputation unless Defendants is restrained by this Court from infringing the Springboard brand and Trademarks.

40.     Defendants' acts have damaged and will continue to damage Springboard, and Springboard has no adequate remedy at law.

41.     In light of the foregoing, Springboard is entitled to injunctive relief prohibiting Defendants from using the Springboard brand and Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including

attorneys' fees, that Springboard has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.0 § 1117(c).

## THIRD CLAIM FOR RELIEF

### (False Designations of Origin False Descriptions — 15 U.S.C. § 1125(a))

42.     Springboard incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

43.     The Springboard brand and Trademarks are nonfunctional, inherently distinctive, and have achieved a high degree of consumer recognition and serve to identify Springboard as the source of high- quality goods to which the Springboard brand and Trademarks are well known and have gained fame across the country.

44.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Counterfeit Products is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said products, and is intended, and is likely, to cause such parties to believe, in error, that the Defendants' Counterfeit Products  have been

ORIGINAL COMPLAINT                                              PAGE 13

authorized, sponsored, approved, endorsed or licensed by Springboard, or that Defendants is in some way affiliated with Springboard.

45.     Defendants' use of the Springboard brand and Trademarks is without Springboard's permission or authority and is in total and willful disregard of Springboard's rights to control the Springboard brand and Trademarks.

46.     Defendants' acts have damaged and will continue to damage Springboard and Springboard has no adequate remedy at law.

47.     In light of the foregoing, Springboard is entitled to injunctive relief prohibiting Defendants from using the Springboard brand and Trademarks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Springboard has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## **FOURTH CLAIM FOR RELIEF**

### **(Trademark Di1ution — 15 U.S.C. § 1125(e))**

48.     Springboard incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

ORIGINAL COMPLAINT                                                                           PAGE 14

49.     The Springboard brand and Trademarks are strong and distinctive marks and have achieved notoriety and widespread public recognition, and are thus "famous" within the meaning of the Lanham Act.

50.     Defendants has used, in commerce, in connection with the sale of the Counterfeit Products, unauthorized reproductions of the Springboard brand and Trademarks, which are likely to cause, and most likely have caused, confusion or mistake as to the affiliation, connection, or association between Defendants and Springboard, or as to the origin, sponsorship, or approval of said Counterfeit Products by Springboard.

51.     Defendants' acts described above have diluted and continue to dilute the unique and distinctive Springboard brand and Trademarks.  These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Springboard, causing damage to Springboard in an amount to be determined at trial, as well as irreparable injury to the goodwill and reputation associated with the Springboard brand and Trademarks.

52.     Upon information and belief, Defendants' unlawful actions began after the Springboard brand and Trademarks became famous.

53.     Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on the reputation of Springboard, and to dilute the Springboard brand and Trademarks.  Defendants' conduct is willful, wanton, and egregious.

ORIGINAL COMPLAINT                                                                    PAGE 15

54.     Springboard has no adequate remedy at law to compensate Springboard fully for the damages that have been caused and which will continue to be caused to Springboard by Defendants' unlawful acts unless they are enjoined by this Court.

55.     In light of the foregoing, Springboard is entitled to injunctive relief prohibiting Defendants from using the Springboard brand and Trademarks, and to recover all damages, including attorneys' fees, that Springboard has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Texas Anti-Dilution Statute – Tex. Bus. & Com. Code § 16.103)

56.     Springboard incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

57.     The Springboard brand and Trademarks are claimed and explained as set forth above.

58.     Due to Springboard's extensive sales of products bearing the Springboard brand and Trademarks, and significant marketing and promotional activities of the Springboard brand and Trademarks, the Springboard brand and Trademarks have achieved widespread acceptance and recognition among the consuming public and the trade throughout the United States and abroad.

ORIGINAL COMPLAINT                                                    PAGE 16

59.     Through Springboard's prominent, long and continuous use in commerce, including commerce within Texas, the Springboard brand and Trademarks have become and continue to be famous and distinctive.

60.     Springboard's arbitrary and distinctive Springboard brand and Trademarks identify Springboard as the source/origin of the goods on which they appear.

61.     After the Springboard brand and Trademarks became famous, Defendant, without authorization from Springboard, began using marks that are confusingly similar to the Springboard brand and Trademarks.  Defendants' use of unauthorized reproductions of the Springboard brand and Trademarks dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Springboard's products. Defendants' unlawful use of the Springboard brand and Trademarks in connection with their inferior products also is likely to tarnish the Springboard brand and Trademarks and cause blurring in the minds of consumers between Springboard and Defendant, thereby lessening the value of the Springboard brand and Trademarks as unique identifiers of Springboard's products.

62.     By the acts described above, Defendants has caused and will continue to cause irreparable injury to Springboard's goodwill and business reputation, in violation of the Texas Anti-Dilution Statute, Tex. Bus. & Com. Code § 16.103.

ORIGINAL COMPLAINT                                                                                    PAGE 17

63.     The acts of Defendants alleged in Paragraphs 1-62 above were committed willfully, with full knowledge of Springboards' rights and with the intention of deceiving and misleading the public and causing harm to Springboards.

64.     As a direct and proximate result of Defendants' unlawful acts, Springboards has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

65.     In light of the foregoing, Springboard is entitled to injunctive relief prohibiting Defendants from using the Springboard brand and Trademarks, and to recover all damages, including attorneys' fees, that Springboard has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

66.     Springboard incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

67.     Springboard owns all rights, title, and interest in and to the Springboard brand and Trademarks, including all common law rights in such marks.

68.     Defendant, without authorization from Springboard, has used and is continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Springboard brand and Trademarks.

69.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Counterfeit Products originate from, or are affiliated with, sponsored by, or endorsed by Springboard.

70.     Defendants' acts constitute trademark infringement in violation of the common law of the State of Texas.

71.     Upon information and belief, Defendants has profited from its unlawful actions and have been unjustly enriched to the detriment of Springboard. Defendants' unlawful actions have caused Springboard damage in an amount presently unknown, but in an amount to be determined at trial.

72.     Springboard has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants is permanently enjoined from its unlawful conduct.

73.     Springboard has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

74.     Springboard incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

75.     By the acts described above, Defendants has engaged in unfair competition in violation of the common law of the State of Texas.

76.     Defendants' unlawful acts are causing great and irreparable injury to Springboard, and will continue to irreparably harm Springboard unless enjoined.

77.     Upon information and belief, Defendants has profited from their unlawful actions and have been unjustly enriched to the detriment of Springboard. Defendants' unlawful actions have caused Springboard damage in an amount presently unknown, but in an amount to be determined at trial.

## PRAYER FOR RELIEF

1.     WHEREFORE, Springboard respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

2.     Defendant, it's agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, are hereby temporarily, preliminarily,

ORIGINAL COMPLAINT                                                      PAGE 20

and permanently enjoined from using the Springboard brand and Trademarks, including, but not limited to: manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Springboard brand and Trademarks or any marks/designs identical, substantially indistinguishable, substantially similar, and/or confusingly similar thereto;

3.      Engaging in any other activity constituting unfair competition with Springboard, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Springboard;

4.      Engaging in any other activity that would dilute the distinctiveness of the Springboard brand and Trademarks; and

5.      Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Springboard;

6.      Ordering Defendants to recall from any distributors and retailers, and to deliver to Springboard for destruction or other disposition all remaining inventory of Counterfeit Products, or other printed/published material bearing the Springboard brand and Trademarks, or any marks confusingly similar or substantially similar thereto, including all

ORIGINAL COMPLAINT                                                                PAGE 21

advertisements, promotional and marketing materials therefore, as well as the means of making the same;

7.      Ordering Defendants to file with this Court and serve on Springboard within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants has complied with the injunction;

8.      Ordering Defendants to disclose their supplier(s) and manufacturer(s) of the Counterfeit Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Counterfeit Products;

9.      Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

10.      Awarding Springboard all of Defendants' profits and all damages sustained by Springboard as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b).

11.      Awarding treble damages in the amount of Defendants' profits or Springboard's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

12.      Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505;

ORIGINAL COMPLAINT                                                      PAGE 22

13. Awarding Springboard statutory damages pursuant to 15 U.S.C. §1117(c) and 17 U.S.C. § 504(c);

14. Awarding Springboard punitive damages in connection with its state law claims; on account of Defendants' willful misconduct and fraud and deceit upon the public; and

15. Such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Springboard hereby demands a trial by jury of all claims in this litigation.

Dated: August 29, 2016                    Respectfully Submitted,


**DELEON LAW GROUP PC**

RUBEN C. DELEON
STATE BAR NO. 00790577
15851 DALLAS PARKWAY
SUITE 600
ADDISON, TEXAS 75001
TELEPHONE:   214-561-8687
FACSIMILE:    877-488-8983

**ATTORNEY FOR PLAINTIFF SPRINGBOARDS TO EDUCATION, INC.**

ORIGINAL COMPLAINT                                        PAGE 23