## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC., | § § § | |
| | § | CIVIL ACTION NO. 4:16-cv-2625 |
| Plaintiff, | § § | |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, AUGUSTA MARKETING PRODUCTS, LLC. TARHEEL PROMOTIONS, INC. and KATHY BAKER, | § § § | |
| Defendants. | | |

## HOUSTON INDEPENDENT SCHOOL DISTRICT'S MOTION
## TO DISMISS PURSUANT TO RULES 12(b)(1) and (6)

#5356418.3

# <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION AND SUMMARY OF THE ARGUMENTS ......................................1

II.     STATEMENT OF FACTS .................................................................................2

III.     LEGAL STANDARD...........................................................................................4

       A.      Standard of Review for Rule 12(b)(1) ...............................................4

       B.      Standard of Review for Rule 12(b)(6) ...............................................5

IV.     ARGUMENTS.....................................................................................................5

       A.      HISD is Entitled to Governmental Immunity from Plaintiff's State Law Claims (Counts 5-7)..............................................................................6

       B.      Plaintiff's Federal Trademark Infringement Claims Should be Dismissed............9

             1.      Plaintiff Fails to Identify the Unregistered Trademarks Allegedly Infringed by HISD ...................................................................10

             2.      Plaintiff Fails to Allege How HISD Infringed Each of Its Federally Registered Trademarks .......................................................11

             3.      Plaintiff's Noncommercial Educational Services Cannot be the Basis for a Viable Lanham Act Claim ......................................13

       C.      Plaintiff's Federal Trademark Dilution Claim (Count 4) Should be Dismissed......................................................................................15

       D.      Plaintiff's Counterfeiting of Trademark Claim (Count 1) Should be Dismissed......................................................................................17

V.     CONCLUSION...................................................................................................18

#5356418.3

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .................................................................................................. *passim*

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .................................................................................................2, 5, 12

*Bosley Med. Inst., Inc. v. Kremer*,
403 F.3d 672 (9th Cir. 2005) .................................................................................14

*Brown v. City of Houston,*
8 S.W.3d 331 (Tex. App. –Waco 1999, pet. denied) ..................................................6

*Dell, Inc. v. This Old Store, Inc.*,
2007 WL 1958609 (S.D. Tex. July 2, 2007) .........................................................12

*Foster v. Denton Indep. Sch. Dist.,*
73 S.W.3d 454 (Tex. App.—Fort Worth 2002, no pet.) ...........................................7

*Gucci America, Inc. v. Guess?, Inc.,*
 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012) ...........................................................18

*Heyer v. North East Indep. Sch. Dist.,*
730 S.W.2d 130 (Tex. App.–San Antonio 1987, writ ref'd n.r.e.) ...........................7

*Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Imp. Corp.*,
53 S.W.3d 799 (Tex. App.—Austin 2001, pet. denied).........................................7, 8

*Hunn v. Dan Wilson Homes, Inc.,*
789 F.3d 573 (5th Cir. 2015), cert. denied, 2015 WL 5837375 (U.S. 2015)............9

*Louis Vuitton Malletier v. Veit,*
211 F.Supp.2d 567 (E.D. Pa. 2002) ........................................................................17

*Louisiana Pacific Corp. v. James Hardie Blg. Products, Inc.,*
2012 WL 5520394 (N.D. Cal. 2012) ......................................................................10

*Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*,
316 U.S. 203 (1942).................................................................................................14

*Montez v. Dept. of Navy,*
392 F.3d 147 (5th Cir. 2004) ...............................................................................4, 5

*Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*,
    671 F. 3d 526 (5th Cir. 2012) ..........................................................................16

*Nationwide Pub. Ins. Adjusters Inc. v. Edcouch-Elsa I.S.D.*,
    913 F. Supp. 2d 305 (S.D. Tex. 2012) ...............................................................4

*Ollie v. Plano Independent School Dist.*,
    383 S.W.3d 783 (Tex. App.—Dallas 2012, writ denied) .......................................7

*Prestonettes, Inc. v. Coty*,
    264 U.S. 359 (1924).....................................................................................14

*Ramming v. U.S.*,
    281 F.3d 158 (5th Cir. 2001) ...........................................................................4

*Rodriguez v. Christus Spohn Health Sys. Corp.*,
    628 F.3d 731 (5th Cir. 2010) ...........................................................................8

*T-Mobile US, Inc. v. AIO Wireless LLC*,
    991 F. Supp. 2d 888 (S.D. Tex. Jan. 22, 2014)....................................................17

*Tauban Co. v. Webfeats*,
    319 F.3d 770 (6th Cir. 2003) .........................................................................15

*Taylor Pub. Co. v. Jostens*, Inc.,
    216 F.3d 465, 486 (5th Cir. 2000) ....................................................................8

*TMI, Inc. v. Maxwell*,
    368 F.3d 433 (5th Cir. 2004) .........................................................................16

*Too, Inc. v. TJX Companies, Inc.*,
    229 F. Supp. 2d 825 (S.D. Ohio 2002) ............................................................18

*Tooke v. City of Mexia*,
    197 S.W. 3d 325 (Tex. 2006)......................................................................6, 8

*Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*,
    527 F.3d 1045 (10th Cir. 2008) .....................................................................14

*Yahav Enterprises LLC v. Beach Resorts Suites LLC*,
    2016 WL 111361 (S.D. Fla. Jan. 11, 2016) .................................................12, 13

## Statutes

15 U.S.C. § 1114....................................................................................................10

15 U.S.C. § 1225(c)(3).............................................................................................16

Fed. R. Civ. P. 8.....................................................................................................12

Fed. R. Civ. P. 8(a)(2) ..........................................................................................5

Fed. R. Civ. P. 12(b)(1) ...................................................................................4, 5, 8

Lanham Act § 1125 .............................................................................................10

Tex. Civ. Prac. & Rem. Code §101.001(3)(b) ....................................................6

Tex. Civ. Prac. & Rem. Code § 101.051 .............................................................7

**Other Authorities**

4 McCarthy on Trademarks and Unfair Competition § 25:10 (4th ed.) ........................................18

## I.     INTRODUCTION AND SUMMARY OF THE ARGUMENTS

Pursuant to Rules 12(b)(1) and (6), Defendant Houston Independent School District ("HISD") respectfully submits this Motion to Dismiss Plaintiff Springboards to Education, Inc.'s Complaint (Dkt. 1) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

HISD is a public school district with over 200,000 students in Houston, Texas.  Plaintiff  brings this trademark infringement action against HISD asserting both state law claims and federal law (*i.e.*, Lanham Act) claims.  HISD brings this Motion because Plaintiff's Complaint suffers from uncorrectable flaws that require dismissal with prejudice.   More specifically, Plaintiff's state tort claims (i.e., trademark dilution under the Texas Anti-Dilution Statute and trademark infringement and unfair competition under state common law) should be dismissed because HISD, a governmental unit, is immune from all liability for state torts that do not involve a motor vehicle.  Plaintiff also asserts trademark infringement of unregistered and registered trademarks, trademark dilution and trademark counterfeiting.   Plaintiff's Lanham Act infringement claim for unregistered trademarks must be dismissed because the Complaint fails to identify the unregistered trademarks that HISD allegedly infringed.   Although Plaintiff identifies the registered trademarks that are at issue in this case, it fails to include

1

either any facts or circumstances that would go toward supporting the allegations directed at HISD's alleged infringement of the registered trademarks.

Plaintiff's nebulous allegations leave HISD in the dark about which of its activities are at issue. Moreover, HISD's noncommercial educational services cannot be the basis for any viable Lanham Act claim. The Supreme Court has made it clear that trademark infringement law prevents only unauthorized uses of a trademark in connection with a commercial transaction in which the trademark is being used to confuse potential consumers. Plaintiff has failed to allege any viable facts that HISD's public educational services include a commercial transaction that is protected by the Lanham Act. Plaintiff's barebones recitals of the elements of its claims are insufficient to state a claim under the *Twombly* and *Iqbal* pleading standard and Plaintiff's Complaint should be dismissed.

## II.   STATEMENT OF FACTS

Plaintiff filed its Complaint against Defendants HISD, Augusta Marketing Products, LLC, Tarheel Promotions, Inc., and Kathy Baker alleging trademark infringement and unfair competition. It is unclear from the Complaint how the alleged activities of two corporate entities (Augusta Marketing Products, LLC and Tarheel Promotions, Inc.) and an individual that is not employed by HISD (Kathy Baker) pertain to HISD, or why the Defendants are joined together in this action. Other than what is set forth in Paragraphs 5-9, which pertains to jurisdiction

2

allegations, the Complaint is devoid of specific allegations explaining how each Defendant engages in the allegedly infringing conduct.

Instead, Plaintiff lumps together all of the Defendants and sets forth vague allegations that appear to relate to HISD's summer reading program. This program was once called Houston Independent School District Millionaire Club Summer Reading Program. HISD came up with this name based on its goal to get its 200,000 students to read five books during the Summer months (200,000 students x 5 books = 1 million books read) to prevent the well-known "Summer slide," which refers to the tendency for students, especially those from low-income families, to lose some of the achievement gains they made during the previous school year. Plaintiff alleges that HISD has "sold at least thousands of pieces of Counterfeit Products" that infringe Plaintiff's "Springboard brand" and federally registered trademarks. Dkt. 1, p.7. Exhibit B to the Complaint purportedly includes "[r]epresentative examples" of such infringing activities, Dkt. 1, p.7, but Exhibit B does not illustrate any sales or any sort of commercial transaction. Rather, Exhibit B appears to include:

- images of students and/or teachers in t-shirts that state "Millionaire Club Summer Reading Program Houston Independent School District;"
- images of students holding a piece of paper that says "Houston ISD Millionaire Club;"
- information, including press releases, about the HISD Millionaire Club Summer Reading Program;

3

- a sign in a classroom or library that says "Millionaire Readers Are Leaders;"
- a fake currency created for the "Houston Independent School District Millionaire Club Summer Reading Program;"
- images of fake currency featuring the face of a child for encouragement; and
- other promotional materials for the "Houston Independent School District Millionaire Club Summer Reading Program."

For this purported infringement, Plaintiff seeks treble damages, punitive damages, compensatory damages and attorneys' fees. *See* Dkt. 1, pp. 21-23 (Prayer for Relief).

## III.   LEGAL STANDARD

HISD files this Motion to Dismiss Plaintiff's state law claims (Counts 5-7) pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Plaintiff's federal claims (Counts 1-4) pursuant to Rule 12(b)(6) for failure to state a claim.

### A.   Standard of Review for Rule 12(b)(1)

Governmental immunity from suit defeats a court's subject matter jurisdiction pursuant to Rule 12(b)(1). *Nationwide Pub. Ins. Adjusters Inc. v. Edcouch-Elsa I.S.D*., 913 F. Supp. 2d 305, 309 (S.D. Tex. 2012). Plaintiff bears the burden of proof that jurisdiction does in fact exist. *Ramming v. U.S.*, 281 F.3d 158 (5th Cir. 2001). In determining whether the court has subject matter jurisdiction, the court can weigh the evidence and resolve factual disputes. *Montez v. Dept. of Navy*, 392 F.3d 147 (5th Cir. 2004). "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint

4

alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citations omitted).

### B.     Standard of Review for Rule 12(b)(6)

Plaintiff's allegations are subject to the pleading standards established by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), requiring plaintiffs to demonstrate a plausible claim for relief.  In order to comply with Rule 8(a)(2), a complaint must meet two requirements: (a) provide notice to the defendant; and (b) state a plausible claim.  As concerns the notice requirement, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations omitted).  "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.   The complaint must allege facts plausibly identifying sufficient infringing activity for each trademark accused to be infringed.

## IV.   ARGUMENTS

HISD seeks dismissal of each cause of action in Plaintiff's Complaint. Pursuant to Rule 12(b)(1), HISD seeks to dismiss Plaintiff's state law claims

(Counts 5-7) for lack of subject matter jurisdiction because HISD is immune from suit on these claims.  HISD also requests dismissal of Plaintiff's federal claims (Counts 1-4) pursuant to Rule 12(b)(6) for failure to state a claim.

### A.  HISD is Entitled to Governmental Immunity from Plaintiff's State Law Claims (Counts 5-7)

Plaintiff's state law claims (i.e., the dilution claim under the Texas Anti-Dilution Statute (Count 5), common law trademark infringement claim (Count 6), and unfair competition (Count 7)) should be dismissed for lack of subject matter jurisdiction pursuant to 12(b)(1) because HISD is entitled to governmental immunity from these claims.  HISD, as a public school district in Texas, is protected from suit and liability by government immunity unless that immunity is waived by clear and unambiguous statutory language.  *Tooke v. City of Mexia*, 197 S.W. 3d 325, 328-29, 330 n. 11 (Tex. 2006) (holding that governmental immunity protects political subdivisions of the State, including school districts.).  The Texas Tort Claims Act ("TTCA") is the exclusive means by which a plaintiff may assert a state law tort claim against a governmental unit such as HISD.  Tex. Civ. Prac. & Rem. Code § 101.001(3)(b) and 101.051; *see also Brown v. City of Houston*, 8 S.W.3d 331, 333-34 (Tex. App. –Waco 1999, pet. denied) (holding that the State and its political subdivisions enjoy full immunity from tort claims, except to the extent that their immunity is waived by the Texas Tort Claims Act).  The TTCA specifically provides school districts "with a greater level of immunity than any

6

other state entity." *Foster v. Denton Indep. Sch. Dist.*, 73 S.W.3d 454, 459 (Tex. App.—Fort Worth 2002, no pet.).   For Texas school districts, the TTCA limits liability for state torts to causes of action arising from the use of motor vehicles. Tex. Civ. Prac. & Rem. Code § 101.051; *Ollie v. Plano Independent School Dist.*, 383 S.W.3d 783, 790 (Tex. App.—Dallas 2012, writ denied); *Heyer v. North East Indep. Sch. Dist.*, 730 S.W.2d 130, 131 (Tex. App.–San Antonio 1987, writ ref'd n.r.e.)("[S]chool and junior college districts are excluded from liability under the Texas Tort Claims Act except as to the operation and use of motor vehicles.").

Springboards alleges that HISD's activities have diluted the Springboards "brand" and federally registered trademarks in violation of the Texas Anti-Dilution Statute.  Dkt. 1, ¶ 61.  With respect to its common law trademark claim under state law, Springboards alleges that HISD has used and is continuing to use "spurious designations that are identical to, substantially indistinguishable from, or confusingly similar" to the Springboards "brand" and trademarks.  Dkt. 1 ¶¶, 68, 70.   Additionally, Springboards alleges that HISD has engaged in unfair competition in violation of the State of Texas common law.  Dkt. 1 ¶, 75.

Here, all three of Plaintiff's state law claims constitute tort claims under Texas law and are therefore covered by the TTCA. *See e.g.*, *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Imp. Corp.*, 53 S.W.3d 799, 812 (Tex. App.—Austin 2001, pet. denied) (describing common law trademark infringement

7

as a tort in Texas); *id.* at 812-13 (referring to statutory dilution under the Texas Anti-Dilution Statute as a "tort"); and *Taylor Pub. Co. v. Jostens*, Inc., 216 F.3d 465, 486 (5th Cir. 2000) (describing unfair competition as a "tort" under Texas law).  The Fifth Circuit has expressly held that the TTCA covers both common-law tort claims and statutory tort claims.  *Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 735 (5th Cir. 2010).  As such, each of Plaintiff's state law claims are the exact torts that the TTCA was implemented to prevent, and HISD, as a governmental unit, is protected from suit and liability from such state tort claims.  *See Rodriguez*, 628 F.3d at 736-38.  Even if Plaintiff's state law claims were not considered to be torts, which HISD submits they are, Plaintiff's state law claims would nevertheless be barred because HISD is protected from suit and liability unless that immunity *is waived by clear and unambiguous statutory language*.  *Tooke*, 197 S.W. 3d 325, 328-29, 330 n. 11 (emphasis added).  The Texas Legislature has not unambiguously and clearly waived governmental immunity of school districts for trademark infringement, trademark dilution, or unfair competition claims.  Accordingly, Counts 5-7 of Plaintiff's Complaint should be dismissed with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

#5356418.3

**B.    Plaintiff's Federal Trademark Infringement Claims Should be Dismissed**

Plaintiff's federal trademark infringement causes of actions (Counts 2-3) should also be dismissed for failure to state a claim.[1]  Plaintiff provides no viable facts to support a likelihood of confusion of HISD's public education services with its commercial activities, and, importantly, there are no viable facts to support the alleged infringement's impact on interstate commerce.   It is unclear from the Complaint how HISD, a school district located exclusively in Houston, Texas, and Plaintiff, a Texas entity that provides educational products to Texas students, have an impact on interstate commerce as required by the Lanham Act.  *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 588, (5th Cir. 2015), cert. denied, 2015 WL 5837375 (U.S. 2015) (dismissing Lanham Act claim for alleged misrepresentation of authorship of plans for homes in Lubbock, Texas because plaintiff presented no evidence of an impact on interstate commerce).  The lack of interstate commerce alone requires dismissal of Plaintiff's Lanham Act claims.  Additionally, Plaintiff's claims must be dismissed because Plaintiff provides nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 678.  This is insufficient and Plaintiff's Complaint should therefore be dismissed.

---

[1] Plaintiff's state law trademark causes of actions also fail to state a claim under Rule 12(b)(6) for at least the reasons discussed in Sections B-D of this Motion.

#5356418.3

### 1. Plaintiff Fails to Identify the Unregistered Trademarks Allegedly Infringed by HISD

Plaintiff fails the most basic pleading requirement in a trademark infringement case—identifying the trademarks that allegedly have been infringed. *See e.g., Louisiana Pacific Corp. v. James Hardie Blg. Products, Inc.*, 2012 WL 5520394 (N.D. Cal. 2012) (dismissing a complaint that left the defendant to guess what marks the defendant allegedly infringed). Plaintiff accuses HISD of infringing the "Springboard brand" and its unregistered trademarks[2] but fails to state what these trademarks are or how HISD purportedly infringed them. Dkt. 1, ¶¶ 4, 35-37 and 44 and 45. The term "Springboard brand" is not defined or described anywhere in the Complaint. It is also unclear what Plaintiff's unregistered trademarks are and if they are the same as the "Springboard brand." *See e.g.*, Dkt. 1, ¶ 4 (referring to Plaintiff's unregistered trademarks but failing to state what the unregistered marks are). HISD's counsel has searched the purported "representative examples" of infringement in Exhibit B and was unable to find the use of the term "Springboard," "Springboards" or anything remotely close to those terms. HISD remains in the dark about what the alleged unregistered trademarks are that it purportedly infringed or how it even infringed them. This is insufficient to state a viable claim upon which relief can be granted, and requires dismissal.

---

[2] Lanham Act § 1125 is similar to § 1114 except § 1125 allows for infringement of unregistered marks. *Cf.* 15 U.S.C. § 1125 and 15 U.S.C. § 1114.

### 2.    Plaintiff Fails to Allege How HISD Infringed Each of Its Federally Registered Trademarks

Plaintiff's infringement allegations regarding its federally registered trademark must also be dismissed for failure to state a claim.  Plaintiff alleges that HISD has infringed each of its federally registered trademarks that were attached as Exhibit A to the Complaint, but Plaintiff fails to include any allegations about how HISD has infringed each of these trademarks.  Dkt. 1, ¶¶ 9, 35-37.  For example, nowhere in the Complaint does it state how HISD allegedly infringed Plaintiff's "FEEL LIKE A MILLION BUCKS," or "READ A MILLION WORDS" trademarks and these terms are not used anywhere in the purported "representative examples" of infringement attached as Exhibit B.  It is unclear from the Complaint what Plaintiff is pointing to with regard to HISD's alleged trademark infringement.  The Complaint must allege facts plausibly identifying sufficient infringing activity for each trademark accused of being infringed. Without specifying any plausible act or acts of infringement, HISD is left to guess how and when it allegedly infringed each trademark.  This is especially troubling because, as discussed further below, Plaintiff fails to identify the allegedly infringing acts of each of the named defendants and instead lumps the Defendants together in its infringement allegations.  Plaintiff's lack of specificity has not and cannot put HISD on proper notice of its actions that are at issue in the litigation. Accordingly, Plaintiff's failure to clearly articulate the alleged infringing goods or

11

services of HISD that allegedly infringe each of Plaintiff's trademarks is yet another reason why the dismissal of the trademark claims is warranted.

Even further, Plaintiff's Complaint should be dismissed because it fails to identify the allegedly infringing product or service of each of the named defendants. Instead, Plaintiff uses the term "Defendants" to associate HISD with Plaintiff's infringement allegations against the other named defendants (Augusta Marketing Products, LLC, Tarheel Promotions, Inc., and Kathy Baker). This is improper because Rule 8 requires the complaint to provide fair notice to *each* defendant. *Twombly*, 550 U.S. 544, 555 (the complaint must "give the defendant fair notice"); *Dell, Inc. v. This Old Store, Inc.*, 2007 WL 1958609, at *2 (S.D. Tex. July 2, 2007) (dismissing a complaint that failed to distinguish the trademark infringement actions among the defendants); and *Yahav Enterprises LLC v. Beach Resorts Suites LLC*, 2016 WL 111361, at *3 (S.D. Fla. Jan. 11, 2016). This is also improper because HISD does not direct or control any of the other defendants, and the Complaint is devoid of any plausible facts that support each individual defendant being liable for the acts of another defendant. Plaintiff does not allege that there is an agency relationship between the defendants or that HISD directs or controls any of the other named defendants. It is unclear from the Complaint how all four defendants are related to Plaintiff's allegations. Without providing adequate factual basis to distinguish the conduct of one defendant from that of

12

other defendants, a complaint fails to meet the minimum pleading standard against that defendant. *Beach Resorts Suites LLC*, 2016 WL 111361, at \*3 ("The overwhelming flaw in Plaintiff's Amended Complaint is that it fails to distinguish precisely what each defendant is alleged to have done sufficiently enough to give Defendants fair notice.").  Plaintiff rather than distinguishing the liability for each defendant attempts to overcome this failure by lumping everything together against the defendants. This is purely a matter of form over substance and does not satisfy federal pleading requirements.  *Id.*  Courts have consistently held that the identification of the infringing service or product in a complaint must be specific as to each defendant.  *Id.*  The law requires more than "an unadorned, the defendant[s]-unlawfully-harmed-me-accusation."  *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff's barebones trademark infringement claims should be dismissed for failure to state a claim.

### 3.    Plaintiff's Noncommercial Educational Services Cannot be the Basis for a Viable Lanham Act Claim

Plaintiff's trademark infringement claims should also be dismissed because the Lanham Act does not protect noncommercial use of marks.  HISD's noncommercial summer reading program cannot be the basis for a viable Lanham Act trademark claim.  The Supreme Court has made it clear that trademark infringement law prevents only unauthorized uses of a trademark in connection with a commercial transaction in which the trademark is being used to confuse

13

potential consumers.  *See Prestonettes, Inc. v. Coty*, 264 U.S. 359, 368 (1924) ("A trade-mark only gives the right to prohibit the use of it so far as to protect the owner's good will against the sale of another's product as his."); *see also Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 205 (1942) (explaining that the main purpose of the Lanham Act is to prevent the use of identical or similar marks in a way that confuses the public about the actual source of goods and services).  Although the commercial use requirement of a trademark is more clearly stated in the federal trademark dilution statute, as discussed below, commercial use is required for all Lanham Act claims.  *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 676–77 (9th Cir. 2005) (the  Lanham Act requires the infringing use to be made "in connection with a sale of goods or services," which requires commercial use of the trademark); *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1052–53 (10th Cir. 2008) (dismissing plaintiff's trademark infringement claim because the alleged use was not a commercial use protected by the Lanham Act).

HISD is a public school district that provides education to over 200,000 students.  As best HISD can tell, it appears that Plaintiff's trademark infringement allegations stem from HISD's summer reading program.   HISD's nonprofit activities of encouraging children to read during the Summer months to prevent the "Summer slide" is in no way a commercial transaction.  Nothing in the Complaint

14

or the corresponding exhibits shows or suggest any form of sale, offering for sale, or advertising of goods by HISD in connection with a commercial transaction that is subject to the Lanham Act.  *Id.*; *see also Tauban Co. v. Webfeats*, 319 F.3d 770 (6th Cir. 2003) (holding that defendant's use was not commercial and therefore was not protected by the Lanham Act).  HISD did not sell or profit in any way from its Summer Reading Program.  There is no allegation that HISD's Summer Reading Program had any business purpose at all.  This noncommercial educational service of encouraging students to read during the Summer months is not "use in commerce" under the Lanham Act.  Accordingly, Plaintiff's trademark infringement allegations should be dismissed because they do not raise a cognizable legal claim under the Lanham Act.

### C.    Plaintiff's Federal Trademark Dilution Claim (Count 4) Should be Dismissed

The Court should also dismiss Plaintiff's trademark dilution claim under the Lanham Act because Plaintiff fails to allege viable facts to support that its trademark is famous and distinctive and that HISD used the trademark in a noncommercial manner.  To establish trademark dilution, a plaintiff must prove (1) it owns a famous and distinctive mark; (2) the defendant commenced using a mark in a manner that dilutes the famous mark; (3) the similarities between the plaintiff's mark and the defendant's mark gives rise to an association between the marks; and (4) the association is likely to impair the distinctiveness of (i.e., blur) or

15

harm the reputation (i.e., tarnish) of the plaintiff's mark.  *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F. 3d 526, 536 (5th Cir. 2012).

As discussed above, only a plaintiff's commercial use of a mark is actionable under the federal trademark dilution statute.  *See* Section B.3; 15 U.S.C. § 1225(c)(3)(Exclusion: "The following shall not be actionable as dilution…(C) Any noncommercial use of a mark.").  When defining commercial use, courts have examined several different aspects of the defendant's use.  *TMI, Inc. v. Maxwell*, 368 F.3d 433, 437 (5th Cir. 2004).  For example, courts often consider whether the infringing use accepted payment for advertisement or whether the defendant's website contained links to commercial sites.  *Id.* at 437-438.  Here, the allegedly infringing use by HISD appears to stem from HISD's Summer Reading Program that has no economic business related purpose at all.  There are no paid advertisements associated with HISD's Summer Reading Program and the allegedly infringing use is solely directed to HISD's public educational services.  Plaintiff fails to allege any viable facts that support HISD was capitalizing on Plaintiff's trademarks.  *Id.*  As discussed above, HISD's public educational services that encourage reading during the Summer months cannot be the commercial use that the Lanham Act seeks to protect against.

Additionally, Plaintiff has failed to allege any facts to support that any of its trademarks are famous under the trademark law.  A mark is famous when it is

16

widely recognized by the general US consuming public as a designation of source of the goods or services of the trademark's owner. *T-Mobile US, Inc. v. AIO Wireless LLC*, 991 F. Supp. 2d 888, 930 (S.D. Tex. Jan. 22, 2014). This Court has held that a mark is famous when it rises to the level of being a "household name." *Id.* Here, Plaintiff's mark is not a household trademark "like Budweiser beer, Camel cigarettes, Barbie dolls, Nike shoes, Rolex watches, Starbucks coffee, Pepsi soda, or Burberry plaid." *Id.* Plaintiff fails to allege any viable facts to support that any of its trademarks are household names under the Lanham Act. Mere conclusory allegations such as the trademarks "have achieved notoriety and widespread public recognition," (Dkt. 1, ¶ 49), is insufficient to state a claim for trademark dilution. *Iqbal*, 556 U.S. at 663 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). Plaintiff's trademark dilution claim is exactly the type of "[t]hreadbare recitals" that are "supported by mere conclusory statements" that should be dismissed under *Twombly/Iqbal*. *Id.* at 678.

### D.    Plaintiff's Counterfeiting of Trademark Claim (Count 1) Should be Dismissed

Counterfeiting is "the act of producing or reselling a product with a sham trademark that is an intentional and calculated reproduction of the genuine trademark." *Louis Vuitton Malletier v. Veit*, 211 F.Supp.2d 567, 581 (E.D. Pa.

17

2002) (citation omitted); *Too, Inc. v. TJX Companies, Inc.*, 229 F. Supp. 2d 825, 837 (S.D. Ohio 2002); *see also* 4 McCarthy on Trademarks and Unfair § 25:10 (4th ed.).   Counterfeiting is a subset of trademark infringement that is "the most blatant and egregious form of passing off" and seeks to "trick the consumer into believing he or she is getting the genuine article." 4 McCarthy on Trademarks and Unfair Competition § 25:10 (4th ed.) (*citing Gucci America, Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012)).

As discussed above in Section B, Plaintiff's Complaint fails to state a claim for trademark infringement, much less counterfeiting.   HISD is a school district that provides students with a public education, and is not in the business of producing or selling counterfeit goods.   Plaintiff fails to allege that HISD produces or resells products or any tangible goods with Plaintiff's trademark.   Plaintiff also fails to allege plausibly that HISD acted in a calculated and intentional manner to reproduce Plaintiff's trademarks.   As discussed above, HISD's noncommercial educational services cannot be the basis for a Lanham Act claim.   HISD does not sell or otherwise provide products for a commercial or business purpose.

Accordingly, dismissal of Plaintiff's counterfeiting claim is warranted.

## V.   CONCLUSION

For the foregoing reasons, Defendant Houston Independent School District respectfully requests this Court to dismiss the Complaint with prejudice against it

#5356418.3

pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6)

for failure to state a claim upon which relief can be granted.

DATED:  Dec. 7, 2016                              Respectfully submitted,

<u>/s/  Jonathan R. Spivey</u>
Jonathan R. Spivey
Attorney-in-Charge
State Bar No. 24002989
SDTX No. 1794958
jonathan.spivey@bracewelllaw.com

LaTasha M. Snipes
State Bar No. 24072504
SDTX No. 1104850
Latasha.snipes@bracewelllaw.com

Bracewell LLP
711 Louisiana St., Ste. 2300
Houston, TX 77002
(713) 221-1500 (phone)
(713) 221-2194 (fax)
Attorneys  for  Houston  Independent
School District

19

#5356418.3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on Dec. 7, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.1, 5.3.

*/s/  Jonathan R. Spivey*
Jonathan R. Spivey

#5356418.3