IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC. | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:16-cv-2625 |
| v. | § § § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT | § § § § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## HISD'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND (6)

Defendant Houston Independent School District ("HISD") respectfully submits this Reply in support of it Motion to Dismiss Pursuant to Rules 12(b)(1) and (6) (Dkt. 19).

**A.  Plaintiff's State Law Claims are Barred by Governmental Immunity Because HISD Has Not Performed Proprietary Functions**

Plaintiff's state law claims (Counts 5-7) are barred by governmental immunity. Plaintiff contends that school districts performing proprietary function and not governmental functions do not receive governmental immunity, and that HISD's alleged use of its trademarks is a purported proprietary function. Dkt. 35, pp. 16-17. Plaintiff's argument, however, is contrary to binding precedent by the Texas Supreme Court and the Texas Tort Claims Act ("TTCA"). In June of 2016, the Texas Supreme Court examined the distinction between proprietary and

governmental functions and held that school districts perform purely governmental functions:

> "In practice—because of the governmental nature of counties and school districts—this [proprietary function] distinction only applies to municipalities. '[A]s 'involuntary agents of the state' without the power to serve the local interests of their residents, counties have no 'proprietary' functions; all of their functions are 'governmental' in nature.' *Nueces Cnty. v. San Patricio Cnty.*, 246 S.W.3d 651, 652 (Tex. 2008) (per curiam). Likewise, 'a school district is purely a governmental agency and exercises only such powers as are delegated to it by the state.' *Braun v. Trs. of Victoria Indep. Sch. Dist.*, 114 S.W.2d 947, 950 (Tex. Civ. App.—San Antonio 1938, writ ref'd). Like counties, school districts 'perform[] no proprietary functions which are separate and independent of [their] governmental powers.'" *Id.*

*Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 430 n.3 (Tex. 2016). The Texas Supreme Court has made it clear that school districts such as HISD do not perform proprietary functions. *See also Heyer v. N. E. Indep. Sch. Dist.*, 730 S.W.2d 130, 133 (Tex. App. 1987) ("The purpose for which the school district is created is purely governmental....").

Even if the Court were to find that school districts are able to perform "proprietary functions," Plaintiff has failed to plead any plausible allegations to suggest that HISD performed any non-governmental, proprietary functions. As noted by the Texas Supreme Court in *Wasson*, "governmental functions," are exercised "in the interest of the general public." *Wasson*, 489 S.W.3d at 438-39. By contrast, "proprietary functions" are services performed in the government's

discretion for the benefit of private individuals. *Id.* at 439. Here, the alleged trademark infringement pertains to HISD's Summer Reading Program, which is the type of governmental functions contemplated by *Wasson* and by the State of Texas. *See* Tex. Educ. Code Ann. § 11.002 (stating that school districts have the primary responsibility for implementing public education and ensuring student performance in accordance with this code). Moreover, the Texas legislature has made it clear pursuant to the TTCA that school districts are immune from all state torts that do not involve a motor vehicle. Tex. Civ. Prac. & Rem. Code § 101.001(3)(b) and 101.051. The TTCA specifically provides school districts "with a greater level of immunity than any other state entity." *Foster v. Denton Indep. Sch. Dist.*, 73 S.W.3d 454, 459 (Tex. App.—Fort Worth 2002, no pet.). Accordingly, the Court should reject Plaintiff's argument that HISD is not subject to governmental immunity.

The Court should also reject Plaintiff's request to amend its Complaint to add a governmental taking cause of action under the U.S. and Texas Constitution because trademark infringement is not a compensable taking and immunity is not waived on the basis of an unconstitutional taking. *Schneider v. Ne. Hosp. Auth.*, 1998 WL 834346, at *2 (Tex. App. Nov. 25, 1998). "It is up to the legislature to add the tort of trademark infringement to those torts for which immunity is

statutorily waived." *Id.* Accordingly, the Court should reject Plaintiff's request for leave to amend to add a taking cause of action.

## B. Plaintiff's Federal Claims Should be Dismissed for the Failure to State a Claim

Plaintiff's federal causes of actions (Counts 1-4) should also be dismissed for the failure to state a claim. Plaintiff contends that the Court "must accept all facts in the Complaint as true." Dkt. 35, p. 12. This is not a complete recitation of the operative law. The Court need not accept as true conclusory allegations, legal conclusions, or allegations that are contradicted by documents on which they are based. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Here, Plaintiff alleges that HISD has adopted a trademark that is "identical to Plaintiff's 'Millionaire Club' mark." Dkt. 35, pp. 2. However, Plaintiff does not own a trademark for "Millionaire Club" and therefore HISD's purported use of "Millionaire Club" cannot be "identical" to Plaintiff's trademarks. *See* Dkt. 1-1, Ex. A (copy of Plaintiff's trademark registrations). This is material because Plaintiff alleges, among other things, that HISD has "sold at least thousands of pieces of Counterfeit Product" (Dkt. 1, p. 7) and counterfeit trademark infringement requires using a trademark that is "identical with, or substantially indistinguishable from, the registered trademark." 15 U.S.C. §1127.

Plaintiff also nakedly asserts that HISD has acted with knowledge of Springboards's ownership of its trademarks and "with deliberate intention or

reckless disregard..." Dkt. 1, p. 10 and Dkt. 35, p. 15. Such threadbare recitals do not set forth any plausible allegations. *Iqbal*, 556 U.S. at 663. To establish a claim for counterfeiting, Plaintiff must set forth plausible facts that HISD acted in an intentionally and calculated manner to reproduce a genuine trademark. *Louis Vuitton Malletier v. Veit*, 211 F.Supp.2d 567, 581 (E.D. Pa. 2002). Plaintiff fails to allege any plausible facts to support its allegation that HISD acted in an intentional and calculated manner to infringe its trademarks. For example, there are no allegations that Plaintiff sent a cease and desist letter alleging trademark infringement, or anything to support that HISD was even aware of Plaintiff's trademarks prior to this litigation. All that is alleged is "an unadorned, the-defendant-unlawfully harmed me accusation," which is insufficient to meet Rule 8's pleading requirements. *Iqbal*, 556 U.S. at 677.

Similarly, Plaintiff has failed to allege any viable facts that HISD's public educational services include a commercial transaction that is protected by the Lanham Act. Plaintiff appears to contend that any noncommercial use of a trademark can satisfy the "use in commerce" element of the Lanham Act and cites *United We Stand v. United We Stand America New York, Inc.*, 128 F.3d 86 (2d Cir. 1997) for support of this position. Dkt. 35, pp. 15-16. Plaintiff's reliance on *United We Stand* is misplaced because the Fifth Circuit has rejected its holding, explicitly, as applied to the dilution provisions of the Lanham Act, and, implicitly

as applied to the remaining causes of actions under the Lanham Act. *See TMI, Inc. v. Maxwell*, 368 F.3d 433, 436-37 n. 2, 3 (5th Cir. 2004) ("United We Stand America does not involve . . . the anti-dilution provision . . . and is, thus, irrelevant to the determination of whether [this] section requires commercial use."). Moreover, the holding in *United We Stand* represents a minority interpretation of the Lanham Act, which has been rejected by at least five other circuits. *See Radiance Foundation, Inc. v. N.A.A.C.P.*, 786 F.3d 316 (4th Cir. 2015) (acknowledging that the Second Circuit in *United We Stand* "rejected noncommerciality as an invariable defense to Lanham Act liability" but following instead five other circuits that have interpreted the "in connection with any goods or services" element of 15 U.S.C. § 1114 "as protecting from liability all noncommercial uses of marks"); *see also* Dkt. 19, pp. 18-20 (HISD's Motion to Dismiss). Accordingly, the Court should reject Plaintiff's contention that noncommercial activities such as those as alleged in the Complaint are subject to the Lanham Act and should dismiss the Complaint for the failure to state a claim.

Consistent with its other threadbare allegations, Plaintiff fails to identify any alleged infringing activity of HISD for the Plaintiff's "Feel Like a Million Bucks" or "Read a Million Words" trademarks. HISD raised this issue in its Motion to Dismiss (see Dkt. 19, pp. 16-17) and Plaintiff offered no response and did not

dispute this issue.  Accordingly, Plaintiff's allegations as it pertains to these two marks should be dismissed.

Plaintiff also failed to properly identify the unregistered trademarks that have allegedly been infringed.  Plaintiff asserts that the unregistered trademarks are the federally registered marks for use that is outside the scope of "International Class 16" and "International Class 41."  Dkt. 35, p. 12.  Contrary to Plaintiff's assertion, this allegation is <u>not</u> in the Complaint.  The Complaint states that "Springboards has common law trademark rights in the Springboard <u>unregistered trademarks</u> for use in connection with products and services in the educational field and other related fields."  Dkt. 1, at p. 5, ¶4 (emphasis added).  Nowhere in the Complaint does it specify what these unregistered trademarks are and how HISD has allegedly infringed them.  Plaintiff fails to cite any legal authority that federally registered trademarks can somehow be considered unregistered trademarks under the Lanham Act.  Accordingly, because Plaintiff has failed to identify the unregistered trademarks at issue, Plaintiff's Complaint should be dismissed for failure to state a claim.

**C.    Conclusion**

For the foregoing reasons, and the reasons set forth in HISD's Motion to Dismiss, HISD respectfully request this Court to grant HISD's Motion to Dismiss pursuant to 12(b)(1) and (6).

Dated: January 27, 2017　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 */s/ Jonathan R. Spivey*
　　　　　　　　　　　　　　　　　　　　Jonathan R. Spivey
　　　　　　　　　　　　　　　　　　　　Attorney-in-charge
　　　　　　　　　　　　　　　　　　　　State Bar No. 24002989
　　　　　　　　　　　　　　　　　　　　SDTX No. 1794958
　　　　　　　　　　　　　　　　　　　　jonathan.spivey@bracewelllaw.com

　　　　　　　　　　　　　　　　　　　　LaTasha M. Snipes
　　　　　　　　　　　　　　　　　　　　State Bar No. 24072504
　　　　　　　　　　　　　　　　　　　　SDTX No. 1104850
　　　　　　　　　　　　　　　　　　　　Latasha.snipes@bracewelllaw.com

　　　　　　　　　　　　　　　　　　　　Bracewell LLP
　　　　　　　　　　　　　　　　　　　　711 Louisiana St., Ste. 2300
　　　　　　　　　　　　　　　　　　　　Houston, TX 77002
　　　　　　　　　　　　　　　　　　　　(713) 221-1500 (phone)
　　　　　　　　　　　　　　　　　　　　(713) 221-2194 (fax)
　　　　　　　　　　　　　　　　　　　　***Attorneys for Houston Independent School District***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 27, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.1, 5.3.

　　　　　　　　　　　　　　　　　　　　 */s/ Jonathan R. Spivey*
　　　　　　　　　　　　　　　　　　　　Jonathan R. Spivey