**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC., | § § § | |
| | § | CIVIL ACTION NO. 4:16-cv-2625 |
| Plaintiff, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, AUGUSTA MARKETING PRODUCTS, LLC. TARHEEL PROMOTIONS, INC. and KATHY BAKER, | § § § | |
| Defendants. | | |

## HOUSTON INDEPENDENT SCHOOL DISTRICT'S RENEWED MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) and (6)

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION AND SUMMARY OF THE ARGUMENTS .......................................1

II.     STATEMENT OF FACTS ...........................................................................................2

III.    LEGAL STANDARD...................................................................................................4

      A.      Standard of Review for Rule 12(b)(1) ...........................................................4

      B.      Standard of Review for Rule 12(b)(6) ...........................................................5

IV.     ARGUMENTS..............................................................................................................5

      A.      HISD is Entitled to Governmental Immunity from Plaintiff's Federal
            Trademark Claims (Counts 1-4) Pursuant to Rule 12(b)(1) ...................................6

      B.      Alternatively, Plaintiff's Federal Trademark Infringement Claims (Counts
            1-4)  Should be Dismissed Pursuant to Rule 12(b)(6) ............................................9

            1.      Plaintiff Fails to Allege How HISD Infringed Each of Its Federally
                  Registered Trademarks ................................................................................10

            2.      Plaintiff's Noncommercial Educational Services Cannot be the
                  Basis for a Viable Lanham Act Claim ........................................................13

             3.      Plaintiff's Federal Trademark Dilution Claim (Count 4) Should be
                  Dismissed....................................................................................................14

            4.      Plaintiff's Counterfeiting of Trademark Claim (Count 1) Should be
                  Dismissed....................................................................................................17

      C.      HISD is Entitled to Governmental Immunity from Plaintiff's State Law
            Claims (Counts 5-7)........................................................................................19

      D.      HISD is Entitled to Governmental Immunity from Plaintiff's State
            Unconstitutional Taking Claim (Count 8) .............................................................21

      E.      HISD is Entitled to Governmental Immunity from Plaintiff's Federal
            Unconstitutional Taking Claim (Count 9) .............................................................23

      F.      Any Request to Amend the Pleading Should Be Denied as Futile and This
            Suit Should be Dismissed with Prejudice .............................................................24

V.      CONCLUSION...........................................................................................................26

ii

# TABLE OF AUTHORITIES

**Cases**                                                                                                                **Page(s)**

*U.S. ex rel. Adrian v. Regents of Univ. of Cal.*,
   363 F.3d 398 (5th Cir. 2004) ...............................................................................25

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................. *passim*

*Atascadero State Hosp. v. Scanlon*,
   473 U.S. 234 (1985).................................................................................7

*United States ex. rel. Barron v. Deloitte & Touche, L.L.P.*,
   381 F.3d 438 (5th Cir. 2004) ...............................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................2, 5, 12

*Black v. N. Panola Sch. Dist.*,
   461 F.3d 584 (5th Cir. 2006) ...............................................................8

*Bosley Med. Inst., Inc. v. Kremer*,
   403 F.3d 672 (9th Cir. 2005) ...............................................................14

*Brown v. City of Houston*,
   8 S.W.3d 331 (Tex. App.—Waco 1999, pet. denied).............................19

*Brown v. Texas A&M Univ. Sch. of Law*,
   2016 WL 206465 (N.D. Tex. Jan. 14, 2016) ..........................................9

*Bynane v. Bank of N.Y. Mellon*,
   No. H-15-2901, 2015 WL 8764272 (S.D. Tex. Dec. 15, 2015) (Atlas, J.)...........................24

*Chavez v. Arte Publico Press*,
   204 F.3d 601 (5th Cir. 2000) ...............................................................9

*Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*,
   527 U.S. 666 (1999).................................................................... *passim*

*Dell, Inc. v. This Old Store, Inc.*,
   2007 WL 1958609 (S.D. Tex. July 2, 2007).........................................12

*El Paso Indep. Sch. Dist. v. Richard R.*,
   567 F. Supp.2d 918 (W.D. Tex. 2008)...................................................7

*Flores v. Edinburg Consol. Indep. Sch. Dist.*,
   741 F.2d 773 (5th Cir. 1984) ...............................................................25

*Foster v. Denton Indep. Sch. Dist.*,
   73 S.W.3d 454 (Tex. App.—Fort Worth 2002, no pet.) ..........................................19

*Gen. Servs. Comm'n v. Little-Tex Insulation Co.*,
   39 S.W.3d 591 (Tex. 2001)..........................................................................................21

*Gucci America, Inc. v. Guess?, Inc.*,
   868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012)................................................................18

*Harris County v. Sykes*,
   136 S.W.3d 635 (Tex. 2004).....................................................................................6, 25

*Heyer v. North East Indep. Sch. Dist.*,
   730 S.W.2d 130 (Tex. App.–San Antonio 1987, writ ref'd n.r.e.) ...........................19

*Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Imp. Corp.*,
   53 S.W.3d 799 (Tex. App.—Austin 2001, pet. denied)............................................20

*Hudson v. City of New Orleans*,
   174 F.3d 677 (5th Cir. 1999) .......................................................................................7

*Hunn v. Dan Wilson Homes, Inc.*,
   789 F.3d 573 (5th Cir. 2015), cert. denied, 2015 WL 5837375 (U.S. 2015)............10

*Legate v. Livingston*,
   No. 15-40079, 2016 WL 2909229 (5th Cir. May 18, 2016)......................................24

*Louis Vuitton Malletier v. Veit*,
   211 F.Supp.2d 567 (E.D. Pa. 2002) ...........................................................................18

*Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*,
   316 U.S. 203 (1942)...................................................................................................14

*Montez v. Dept. of Navy*,
   392 F.3d 147 (5th Cir. 2004) ...................................................................................4, 5

*Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*,
   671 F. 3d 526 (5th Cir. 2012) ....................................................................................15

*Nationwide Pub. Ins. Adjusters Inc. v. Edcouch-Elsa I.S.D.*,
   913 F. Supp. 2d 305 (S.D. Tex. 2012) .........................................................................4

*Ollie v. Plano Indep. Sch. Dist.*,
   383 S.W.3d 783 (Tex. App.—Dallas 2012, writ denied) ..........................................19

*Pervasive Software Inc. v. Lexware GmbH & Co.*,
   688 F.3d 214 (5th Cir. 2012) .....................................................................................24

iv

*Pierce v. Hearne Indep. Sch. Dist.*,
   600 F. App'x 194 (5th Cir. 2015) ........................................................24

*Prestonettes, Inc. v. Coty*,
   264 U.S. 359 (1924)...........................................................................13

*Ramming v. U.S.*,
   281 F.3d 158 (5th Cir. 2001) ...............................................................4

*Rodriguez v. Christus Spohn Health Sys. Corp.*,
   628 F.3d 731 (5th Cir. 2010) ........................................................20, 21

*Smith v. Lutz*,
   149 S.W.3d 752 (Tex. App.—Austin 2004, no pet.) ...............................22

*Somerset Indep. Sch. Dist. v. Casias*,
   2008 WL 1805533 (Tex. App.—San Antonio Apr. 23, 2008, pet. denied)............................7

*T-Mobile US, Inc. v. AIO Wireless LLC*,
   991 F. Supp. 2d 888 (S.D. Tex. Jan. 22, 2014).....................................16

*Tauban Co. v. Webfeats*,
   319 F.3d 770 (6th Cir. 2003) ..............................................................14

*Taylor Pub. Co. v. Jostens*, Inc.,
    216 F.3d 465, 486 (5th Cir. 2000) ......................................................20

*TMI, Inc. v. Maxwell*,
   368 F.3d 433 (5th Cir. 2004) ........................................................15, 16

*Too, Inc. v. TJX Companies, Inc.*,
   229 F. Supp. 2d 825 (S.D. Ohio 2002) ................................................18

*Tooke v. City of Mexia*,
   197 S.W. 3d 325 (Tex. 2006)......................................................... *passim*

*Truong v. Alief Indep. Sch. Dist.*,
   No. CV H-16-00427, 2016 WL 6680930 (S.D. Tex. Nov. 14, 2016) ....................................8

*Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*,
   527 F.3d 1045 (10th Cir. 2008) ..........................................................14

*Yahav Enterprises LLC v. Beach Resorts Suites LLC*,
   2016 WL 111361 (S.D. Fla. Jan. 11, 2016) .....................................12, 13

v

**Statutes**

15 U.S.C. § 1225(c)(3)................................................................................15

Fed. R. Civ. P. 8.........................................................................................12

Fed. R. Civ. P. 8(a)(2)..................................................................................5

Fed. R. Civ. P. 15(a)..................................................................................24

Tex. Civ. Prac. & Rem. Code §101.001(3)(b) ...........................................19

Tex. Civ. Prac. & Rem. Code § 101.051 ....................................................19

Tex. Const. art. I, § 17(a) ..........................................................................21

U.S. Const. Amend. V. ...............................................................................23

**Other Authorities**

4 McCarthy on Trademarks and Unfair Competition § 25:10 (4th ed.) .......................................18

## I.      INTRODUCTION AND SUMMARY OF THE ARGUMENTS

Pursuant to Rules 12(b)(1) and (6), Defendant Houston Independent School District ("HISD") respectfully submits this Renewed Motion to Dismiss Plaintiff Springboards to Education, Inc.'s First Amended Complaint (Dkt. 64) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

HISD is a public school district with over 200,000 students in Houston, Texas.  Plaintiff  brings this trademark infringement action against HISD asserting both state law claims and federal law (*i.e.*, Lanham Act) claims.  HISD brings this Motion because Plaintiff's First Amended Complaint suffers from uncorrectable flaws that require dismissal with prejudice.  More specifically, Plaintiff's state tort claims (*i.e.*, trademark dilution under the Texas Anti-Dilution Statute and trademark infringement and unfair competition under state common law) should be dismissed because HISD, a governmental unit, is immune from all liability for state torts that do not involve a motor vehicle.  Plaintiff also asserts trademark infringement of unregistered and registered trademarks, trademark dilution and trademark counterfeiting, all of which additionally must be dismissed because HISD is protected by sovereign immunity.

Moreover, Plaintiff makes nebulous allegations which fail to state a claim upon which relief may be granted, and which leave HISD in the dark about which

1

of its activities are at issue.  For example, HISD's noncommercial educational services cannot be the basis for any viable Lanham Act claim, an issue of which Plaintiff was given notice but has since failed to correct.  The Supreme Court has made it clear that trademark infringement law prevents only unauthorized uses of a trademark in connection with a commercial transaction in which the trademark is being used to confuse potential consumers.  Instead, Plaintiff has failed to allege any viable facts that HISD's public educational services include a commercial transaction that is protected by the Lanham Act.  Plaintiff's barebones recitals of the elements of its claims are insufficient to state a claim under the *Twombly* and *Iqbal* pleading standard and Plaintiff's First Amended Complaint should be dismissed.

## II.     STATEMENT OF FACTS

Plaintiff filed its Complaint against Defendants HISD, Augusta Marketing Products, LLC, Tarheel Promotions, Inc., and Kathy Baker alleging trademark infringement and unfair competition.  Kathy Baker and Tarheel Promotions, Inc. were dismissed with prejudice from the suit.  HISD timely filed a Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6).  In response, Plaintiff filed its First Amended Complaint, which contains many of the same uncorrectable flaws as the original Complaint, despite the nearly nine months that have passed between the two.

Like the original Complaint, the First Amended Complaint lumps together each of the Defendants and sets forth vague allegations that appear to relate to HISD's summer reading program.   This program was once called Houston Independent School District Millionaire Club Summer Reading Program.   HISD came up with this name based on its goal to get its 200,000 students to read five books during the Summer months (200,000 students x 5 books = 1 million books read) to prevent the well-known "Summer slide," which refers to the tendency for students, especially those from low-income families, to lose some of the achievement gains they made during the previous school year.   Plaintiff alleges that HISD has "sold at least thousands of pieces of Infringing Products" that infringe Plaintiff's Springboard brand and federally registered trademarks.   (Dkt. 64, ¶ 28).   Exhibit B to the Complaint purportedly includes "[r]epresentative examples" of such infringing activities, *id.*, but Exhibit B does not illustrate any sales or any sort of commercial transaction.   Rather, Exhibit B appears to include:

- images of students and/or teachers in t-shirts that state "Millionaire Club Summer Reading Program Houston Independent School District;"
- images of students holding a piece of paper that says "Houston ISD Millionaire Club;"
- information, including press releases, about the HISD Millionaire Club Summer Reading Program;
- a sign in a classroom or library that says "Millionaire Readers Are Leaders;"
- a fake currency created for the "Houston Independent School District Millionaire Club Summer Reading Program;"

3

- images of fake currency featuring the face of a child for encouragement; and
- other promotional materials for the "Houston Independent School District Millionaire Club Summer Reading Program."

For this purported infringement, Plaintiff seeks treble damages, punitive damages, compensatory damages and attorneys' fees.  (*See* Dkt. 64, ¶¶ 1-15 (Prayer for Relief)).

## III.   LEGAL STANDARD

HISD files this Renewed Motion to Dismiss Plaintiff's state law claims (Counts 5-7) pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Plaintiff's federal claims (Counts 1-4) pursuant to Rule 12(b)(6) for failure to state a claim.

### A.     Standard of Review for Rule 12(b)(1)

Governmental immunity from suit defeats a court's subject matter jurisdiction pursuant to Rule 12(b)(1).  *Nationwide Pub. Ins. Adjusters Inc. v. Edcouch-Elsa I.S.D.*, 913 F. Supp. 2d 305, 309 (S.D. Tex. 2012).  Plaintiff bears the burden of proof that jurisdiction does in fact exist.  *Ramming v. U.S.*, 281 F.3d 158 (5th Cir. 2001).   In determining whether the court has subject matter jurisdiction, the court can weigh the evidence and resolve factual disputes.  *Montez v. Dept. of Navy*, 392 F.3d 147 (5th Cir. 2004).  "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citations omitted).

### B.    Standard of Review for Rule 12(b)(6)

Plaintiff's allegations are subject to the pleading standards established by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), requiring plaintiffs to demonstrate a plausible claim for relief.  In order to comply with Rule 8(a)(2), a complaint must meet two requirements: (a) provide notice to the defendant; and (b) state a plausible claim.  As concerns the notice requirement, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations omitted).  "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.   The complaint must allege facts plausibly identifying sufficient infringing activity for each trademark infringement allegation.

## IV.   ARGUMENTS

HISD seeks dismissal of each cause of action in Plaintiff's First Amended Complaint.  Pursuant to Rule 12(b)(1), HISD seeks to dismiss Plaintiff's federal trademark claims and state law claims (Counts 1-7) for lack of subject matter

jurisdiction because HISD is immune from suit on these claims.  Alternatively, should the Court find that Plaintiff's trademark claims are not barred for lack of subject matter jurisdiction, HISD requests dismissal of Plaintiff's trademark claims (Counts 1-4) pursuant to Rule 12(b)(6) for failure to state a claim.

### A. HISD is Entitled to Governmental Immunity from Plaintiff's Federal Trademark Claims (Counts 1-4) Pursuant to Rule 12(b)(1)

Plaintiff's federal trademark claims (*i.e.*, the trademark counterfeiting claim (Count 1), the trademark infringement claim (Count 2), the false designations of origin false descriptions claim (Count 3), and the trademark dilution claim (Count 4)) should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because HISD is protected from suit by governmental immunity as an arm of the Texas state government.  HISD, as a public school district in Texas, is protected from suit and liability by government immunity unless that immunity is waived by clear and unambiguous statutory language.  *Tooke v. City of Mexia*, 197 S.W. 3d 325, 330 n. 11 (Tex. 2006) (holding that governmental immunity protects political subdivisions of the State from suit, including school districts); *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (same).  The Supreme Court has further held that states retain immunity from trademark claims.  *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 691 (1999) (holding that states hold sovereign immunity with regards to trademark, as well as

6

other intangible, taking claims).  The U.S. Supreme Court in *College Savings Bank* held that "federal courts are without jurisdiction to entertain [] suit against an arm of the State" when that immunity has not been waived or properly abrogated by Congress pursuant to § 5 of the Fourteenth Amendment, or when the suit falls within the exception recognized for certain suits seeking declaratory and injunctive relief against state officers in their individual capacities.  *Id*. at 691; *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985).

Public school districts in Texas are likewise protected from suit as "arms" of the State.  *See Tooke*, 197 S.W. 3d at 328-29, 330 n. 11 (holding that governmental immunity extends to school districts.).  To dissect this concept, HISD meets the criteria set forth by the Fifth Circuit to determine whether an entity is an arm of the state entitled to Eleventh Amendment immunity:

> (1) whether the state statutes and caselaw view the agency as an arm of the state; (2) the source of the entity's funding; (3) the entity's degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property.

*United States ex. rel. Barron v. Deloitte & Touche, L.L.P.*, 381 F.3d 438, 440 (5th Cir. 2004) (citing *Hudson v. City of New Orleans*, 174 F.3d 677, 679 (5th Cir. 1999)).  Texas and federal courts have previously found school districts to enjoy immunity from suit.  *See, e.g., El Paso Indep. Sch. Dist. v. Richard R.*, 567 F. Supp.2d 918, 935-36 (W.D. Tex. 2008); *Somerset Indep. Sch. Dist. v. Casias*, 2008

7

WL 1805533, at *3 (Tex. App.—San Antonio Apr. 23, 2008, pet. denied); *Truong v. Alief Indep. Sch. Dist.*, No. CV H-16-00427, 2016 WL 6680930, at *5 (S.D. Tex. Nov. 14, 2016) (finding immunity for defendant school district but also applicability of statutory waiver of immunity).  Regarding the second factor, the Fifth Circuit has noted that "the source of the entity's funding is given the most weight." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 596 (5th Cir. 2006).  HISD receives over 23% of the funding for its yearly budget from the State of Texas; this amount does not include money provided by the State for special programs, the construction or maintenance of district facilities, etc.  Moreover, while HISD is somewhat autonomous in its governance, it is still wholly subject to the Texas Education Agency.  These factors illustrate that HISD is an arm of the State of Texas for the purpose of immunity from this lawsuit.

Furthermore, HISD has not waived this immunity.  Waiver occurs only if "the State voluntarily invokes [federal court] jurisdiction, or else if the State makes a 'clear declaration' that it intends to submit itself to [federal] jurisdiction.  *Coll. Sav. Bank*, 527 U.S. at 676.  None of these are present here: HISD has not expressly consented to suit in this Court, nor does a statute exist waiving HISD's immunity in the context of trademark takings claims.  As such, HISD retains its immunity from this lawsuit.

*College Savings Bank* dealt with a patent infringement claim against a state entity, the Florida Prepaid Postsecondary Education Expense Board.  There, the Supreme Court found that the state entity was not liable to the claims under the Lanham Act.  Since *College Savings Bank*, courts have found state institutions for public education immune from suits similar to the case at bar, including for claims regarding the Lanham Act, patent infringement, and copyright or trademark infringement.  *See, e.g.*, *Chavez v. Arte Publico Press*, 204 F.3d 601, 603 (5th Cir. 2000); *Brown v. Texas A&M Univ. Sch. of Law*, 2016 WL 206465, at *3 (N.D. Tex. Jan. 14, 2016).

In the present case, HISD, as a public school district in Texas, is protected from suit as a political subdivision of the State.  *See Tooke*, 197 S.W. 3d at 328-29, 330 n. 11.  Accordingly, Counts 1-4 of Plaintiff's First Amended Complaint should be dismissed with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### B.   Alternatively, Plaintiff's Federal Trademark Infringement Claims (Counts 1-4)  Should be Dismissed Pursuant to Rule 12(b)(6)

Plaintiff's federal trademark infringement causes of actions (Counts 1-4) should also be dismissed for failure to state a claim.[1]  Plaintiff provides no viable facts to support a likelihood of confusion of HISD's public education services with

---

[1] Plaintiff's state law trademark causes of actions also fail to state a claim under Rule 12(b)(6) for at least the reasons discussed in Sections B-D of this Motion.

9

its commercial activities, and, importantly, there are no viable facts to support the alleged infringement's impact on interstate commerce.  It is unclear from the First Amended Complaint how HISD, a school district located exclusively in Houston, Texas, and Plaintiff, a Texas entity that provides educational products to Texas students, have an impact on interstate commerce as required by the Lanham Act. *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 588, (5th Cir. 2015), cert. denied, 2015 WL 5837375 (U.S. 2015) (dismissing Lanham Act claim for alleged misrepresentation of authorship of plans for homes in Lubbock, Texas, because plaintiff presented no evidence of impact on interstate commerce).  The lack of interstate commerce alone requires dismissal of Plaintiff's Lanham Act claims.  Additionally, Plaintiff's claims must be dismissed because Plaintiff provides nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 678.  This is insufficient and Plaintiff's First Amended Complaint should therefore be dismissed.

### 1. Plaintiff Fails to Allege How HISD Infringed Each of Its Federally Registered Trademarks

Plaintiff's infringement allegations regarding its federally registered trademark must also be dismissed for failure to state a claim.  Plaintiff alleges that HISD has infringed each of its federally registered trademarks that were attached as Exhibit A to the First Amended Complaint, but Plaintiff fails to include any allegations about how HISD has infringed each of these trademarks.  Dkt. 64, ¶¶ 42,

10

43.   For example, nowhere in the First Amended Complaint does it state how HISD allegedly infringed Plaintiff's "READ A MILLION WORDS" trademarks and this phrase is not used anywhere in the purported "representative examples" of infringement attached as Exhibit B.  Despite the amendments to the Complaint, it is still unclear what Plaintiff is pointing to with regard to HISD's alleged trademark infringement.  The First Amended Complaint must allege facts plausibly identifying sufficient infringing activity for each trademark accused of being infringed.  Without specifying any plausible act or acts of infringement, HISD is left to guess how and when it allegedly infringed each trademark.   This is especially troubling because, as discussed further below, Plaintiff fails to identify the allegedly infringing acts of each of the named defendants and instead lumps the Defendants together in its infringement allegations.  Plaintiff's lack of specificity has not and cannot put HISD on proper notice of its actions that are at issue in the litigation.   Accordingly, Plaintiff's failure to clearly articulate the alleged infringing goods or services of HISD that allegedly infringe each of Plaintiff's trademarks is yet another reason why the dismissal of the trademark claims is warranted.

Even further, Plaintiff's First Amended Complaint should be dismissed because it fails to identify the allegedly infringing product or service of each of the named defendants.  Instead, Plaintiff uses the term "Defendants" to associate HISD

11

with Plaintiff's infringement allegations against the other named defendant (Augusta Marketing Products, LLC).  This is improper because Rule 8 requires the complaint to provide fair notice to *each* defendant.  *Twombly*, 550 U.S. 544, 555 (the complaint must "give the defendant fair notice"); *Dell, Inc. v. This Old Store, Inc.*, 2007 WL 1958609, at *2 (S.D. Tex. July 2, 2007) (dismissing a complaint that failed to distinguish the trademark infringement actions among the defendants); *Yahav Enterprises LLC v. Beach Resorts Suites LLC*, 2016 WL 111361, at *3 (S.D. Fla. Jan. 11, 2016).  This is also improper because HISD does not direct or control the other defendant, and the First Amended Complaint is devoid of any plausible facts that support each individual defendant being liable for the acts of the other defendant.  Plaintiff does not allege that there is an agency relationship between the defendants or that HISD directs or controls the other named defendants.  It is unclear from the First Amended Complaint how the defendants are related to Plaintiff's allegations.  Without providing adequate factual basis to distinguish the conduct of one defendant from that of other defendants, a complaint fails to meet the minimum pleading standard against that defendant.  *Beach Resorts Suites LLC*, 2016 WL 111361, at *3 ("The overwhelming flaw in Plaintiff's Amended Complaint is that it fails to distinguish precisely what each defendant is alleged to have done sufficiently enough to give Defendants fair notice.").

12

Plaintiff, rather than distinguishing the liability for each defendant, attempts to overcome this failure by acknowledging the dismissal of two of the original four named defendants, but continuing to lump everything together against the remaining two defendants, despite adequate notice of these deficiencies from HISD's Motion to Dismiss. This is purely a matter of form over substance and does not satisfy federal pleading requirements. *Id*. Courts have consistently held that the identification of the infringing service or product in a complaint must be specific as to each defendant. *Id*. The law requires more than "an unadorned, the defendant[s]-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff's barebones trademark infringement claims should be dismissed for failure to state a claim.

### 2. Plaintiff's Noncommercial Educational Services Cannot be the Basis for a Viable Lanham Act Claim

Plaintiff's trademark infringement claims should also be dismissed because the Lanham Act does not protect noncommercial use of marks. HISD's noncommercial summer reading program cannot be the basis for a viable Lanham Act trademark claim. The Supreme Court has made it clear that trademark infringement law prevents only unauthorized uses of a trademark in connection with a commercial transaction in which the trademark is being used to confuse potential consumers. *See Prestonettes, Inc. v. Coty*, 264 U.S. 359, 368 (1924) ("A trade-mark only gives the right to prohibit the use of it so far as to protect the

13

owner's good will against the sale of another's product as his."); *see also Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 205 (1942) (explaining that the main purpose of the Lanham Act is to prevent the use of identical or similar marks in a way that confuses the public about the actual source of goods and services).  Although the commercial use requirement of a trademark is more clearly stated in the federal trademark dilution statute, as discussed below, commercial use is required for all Lanham Act claims.  *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 676–77 (9th Cir. 2005) (the  Lanham Act requires the infringing use to be made "in connection with a sale of goods or services," which requires commercial use of the trademark); *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1052–53 (10th Cir. 2008) (dismissing plaintiff's trademark infringement claim because the alleged use was not a commercial use protected by the Lanham Act).

### 3.    Plaintiff's Federal Trademark Dilution Claim (Count 4) Should be Dismissed

HISD is a public school district that provides education to over 200,000 students.As best HISD can tell, it appears that Plaintiff's trademark infringement allegations stem from HISD's summer reading program.   HISD's nonprofit activities of encouraging children to read during the Summer months to prevent the "Summer slide" is in no way a commercial transaction.   Nothing in the First Amended Complaint or the corresponding exhibits shows or suggest any form of

14

sale, offering for sale, or advertising of goods by HISD in connection with a commercial transaction that is subject to the Lanham Act.  *Id.*; *see also Tauban Co. v. Webfeats*, 319 F.3d 770 (6th Cir. 2003) (holding that defendant's use was not commercial and therefore was not protected by the Lanham Act).  HISD did not sell or profit in any way from its Summer Reading Program.  There is no allegation that HISD's Summer Reading Program had any business purpose at all.  This noncommercial educational service of encouraging students to read during the Summer months is not "use in commerce" under the Lanham Act.  Accordingly, Plaintiff's trademark infringement allegations should be dismissed because they do not raise a cognizable legal claim under the Lanham Act.Plaintiff's Federal Trademark Dilution Claim (Count 4) Should be Dismissed

The Court should also dismiss Plaintiff's trademark dilution claim under the Lanham Act because Plaintiff fails to allege viable facts to support that its trademark is famous and distinctive and that HISD used the trademark in a noncommercial manner.  To establish trademark dilution, a plaintiff must prove (1) it owns a famous and distinctive mark; (2) the defendant commenced using a mark in a manner that dilutes the famous mark; (3) the similarities between the plaintiff's mark and the defendant's mark gives rise to an association between the marks; and (4) the association is likely to impair the distinctiveness of (*i.e.*, blur) or

harm the reputation (*i.e.*, tarnish) of the plaintiff's mark.  *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F. 3d 526, 536 (5th Cir. 2012).

As discussed above, only a defendant's *commercial* use of a mark is actionable under the federal trademark dilution statute.  *See* Section 2; 15 U.S.C. § 1225(c)(3) (Exclusion: "The following shall not be actionable as dilution . . . (C) Any noncommercial use of a mark.").  When defining commercial use, courts have examined several different aspects of a defendant's use.  *TMI, Inc. v. Maxwell*, 368 F.3d 433, 437 (5th Cir. 2004).  For example, courts often consider whether the infringing use accepted payment for advertisement or whether the defendant's website contained links to commercial sites.  *Id.* at 437-438.  Here, the allegedly infringing use by HISD appears to stem from HISD's Summer Reading Program that has no economic business related purpose at all.  There are no paid advertisements associated with HISD's Summer Reading Program and the allegedly infringing use is solely directed to HISD's public educational services. Plaintiff fails to allege any viable facts that support HISD was capitalizing on Plaintiff's trademarks.  *Id.*  As discussed above, HISD's public educational services that encourage reading during the Summer months cannot be the commercial use that the Lanham Act seeks to protect against.

Additionally, Plaintiff has failed to allege any facts to support that any of its trademarks are famous under the trademark law.  A mark is famous when it is

widely recognized by the general US consuming public as a designation of source of the goods or services of the trademark's owner.  *T-Mobile US, Inc. v. AIO Wireless LLC*, 991 F. Supp. 2d 888, 930 (S.D. Tex. Jan. 22, 2014).  This Court has held that a mark is famous when it rises to the level of being a "household name." *Id.*  Here, Plaintiff's mark is not a household trademark "like Budweiser beer, Camel cigarettes, Barbie dolls, Nike shoes, Rolex watches, Starbucks coffee, Pepsi soda, or Burberry plaid."  *Id.*  Plaintiff fails to allege any viable facts to support that any of its trademarks are household names under the Lanham Act.  Mere conclusory allegations such as the trademarks "have achieved notoriety and widespread public recognition," (Dkt. 64, ¶ 68), are insufficient to state a claim for trademark dilution.  *Iqbal*, 556 U.S. at 663 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").   Plaintiff's trademark dilution claim is exactly the type of "[t]hreadbare recitals" that are "supported by mere conclusory statements" that should be dismissed under *Twombly*/*Iqbal*.  *Id.* at 678.

### 4. Plaintiff's Counterfeiting of Trademark Claim (Count 1) Should be Dismissed

Counterfeiting is "the act of producing or reselling a product with a sham trademark that is an intentional and calculated reproduction of the genuine trademark."  *Louis Vuitton Malletier v. Veit*, 211 F.Supp.2d 567, 581 (E.D. Pa.

17

2002) (citation omitted); *Too, Inc. v. TJX Companies, Inc.*, 229 F. Supp. 2d 825, 837 (S.D. Ohio 2002); *see also* 4 McCarthy on Trademarks and Unfair § 25:10 (4th ed.).   Counterfeiting is a subset of trademark infringement that is "the most blatant and egregious form of passing off" and seeks to "trick the consumer into believing he or she is getting the genuine article." 4 McCarthy on Trademarks and Unfair Competition § 25:10 (4th ed.) (*citing Gucci America, Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012)).

As discussed above in Section B, Plaintiff's First Amended Complaint fails to state a claim for trademark infringement, much less counterfeiting.   HISD is a school district that provides students with a public education, and is not in the business of producing or selling counterfeit goods.   Plaintiff fails to allege that HISD produces or resells products or any tangible goods with Plaintiff's trademark. Plaintiff also fails to allege plausibly that HISD acted in a calculated and intentional manner to reproduce Plaintiff's trademarks.   As discussed above, HISD's noncommercial educational services cannot be the basis for a Lanham Act claim.   HISD does not sell or otherwise provide products for a commercial or business purpose.

Accordingly, dismissal of Plaintiff's counterfeiting claim is warranted.

### C.   HISD is Entitled to Governmental Immunity from Plaintiff's State Law Claims (Counts 5-7)

Similarly, Plaintiff's state law claims (*i.e.*, the dilution claim under the Texas Anti-Dilution Statute (Count 5), common law trademark infringement claim (Count 6), and unfair competition (Count 7)) should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because HISD is entitled to governmental immunity from these claims.  The Texas Tort Claims Act ("TTCA") is the exclusive means by which a plaintiff may assert a state law tort claim against a governmental unit such as HISD.  TEX. CIV. PRAC. & REM. CODE § 101.001(3)(b), 101.051; *see also Brown v. City of Houston*, 8 S.W.3d 331, 333-34 (Tex. App.— Waco 1999, pet. denied) (holding that the State and its political subdivisions enjoy full immunity from tort claims, except to the extent that their immunity is waived by the Texas Tort Claims Act).  The TTCA specifically provides school districts "with a greater level of immunity than any other state entity."  *Foster v. Denton Indep. Sch. Dist.*, 73 S.W.3d 454, 459 (Tex. App.—Fort Worth 2002, no pet.).  For Texas school districts, the TTCA limits liability for state torts to causes of action arising from the use of motor vehicles.  TEX. CIV. PRAC. & REM. CODE § 101.051; *Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783, 790 (Tex. App.—Dallas 2012, writ denied); *Heyer v. North East Indep. Sch. Dist.*, 730 S.W.2d 130, 131 (Tex. App.–San Antonio 1987, writ ref'd n.r.e.) ("[S]chool and junior college districts

are excluded from liability under the Texas Tort Claims Act except as to the operation and use of motor vehicles.").

Springboards alleges that HISD's activities have diluted the Springboards trademarks in violation of the Texas Anti-Dilution Statute.  Dkt. 64, ¶ 80.  With respect to its common law trademark claim under state law, Springboards alleges that HISD has used and is continuing to use "spurious designations that are identical to, substantially indistinguishable from, or confusingly similar" to the Springboards trademarks.  Dkt. 64, ¶ 87.  Additionally, Springboards alleges that HISD has engaged in unfair competition in violation of the State of Texas common law.  Dkt. 64, ¶ 94.

Here, all three of Plaintiff's state law claims constitute tort claims under Texas law and are therefore covered by the TTCA. *See e.g.*, *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Imp. Corp.*, 53 S.W.3d 799, 812 (Tex. App.—Austin 2001, pet. denied) (describing common law trademark infringement as a tort in Texas); *id.* at 812-13 (referring to statutory dilution under the Texas Anti-Dilution Statute as a "tort"); *Taylor Pub. Co. v. Jostens*, Inc., 216 F.3d 465, 486 (5th Cir. 2000) (describing unfair competition as a "tort" under Texas law). The Fifth Circuit has expressly held that the TTCA covers both common-law tort claims and statutory tort claims.  *Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 735 (5th Cir. 2010).  As such, each of Plaintiff's state law claims are

20

the exact torts that the TTCA was implemented to prevent, and HISD, as a governmental unit, is protected from suit and liability from such state tort claims. *See Rodriguez*, 628 F.3d at 736-38.  Even if Plaintiff's state law claims were not considered to be torts, which HISD submits they are, Plaintiff's state law claims would nevertheless be barred because HISD is protected from suit and liability unless that immunity *is waived by clear and unambiguous statutory language*. *Tooke*, 197 S.W. 3d 325, 328-29, 330 n. 11 (emphasis added).   The Texas Legislature has not unambiguously and clearly waived governmental immunity of school districts for trademark infringement, trademark dilution, or unfair competition claims.  Accordingly, Counts 1-4 and 5-7 of Plaintiff's First Amended Complaint should be dismissed with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### D.   HISD is Entitled to Governmental Immunity from Plaintiff's State Unconstitutional Taking Claim (Count 8)

Section 17 of the Texas Constitution holds that "[n]o person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person."  TEX. CONST. art. I, § 17(a).  To establish a claim under this clause, a plaintiff must show: "(1) the State intentionally performed certain acts, (2) that resulted in a 'taking' of property, (3) for public use."  *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001).  "To meet the first prong, the State must have the requisite

intent to be acting under its eminent domain powers." *Smith v. Lutz*, 149 S.W.3d 752, 760 (Tex. App.—Austin 2004, no pet.).

Here, HISD did not know of the existence of the Springboards trademarks, despite Plaintiff's vague allegations.  The fact that two HISD employees, out of more than 18,000, spoke to a Springboard representative in 2007 and 2008 at an educational conference, years before the trademarks at issue were even registered, in no way establishes that HISD was aware of the Springboards trademarks. Indeed, the timing as set forth in the First Amended Complaint leads to the opposite conclusion. (Dkt. 64, ¶ 101).  Additionally, the First Amended Complaint fails to set forth any factual details about the alleged conference where two HISD employees spoke to Springboard's employees, the name of the conference, the location of the conference, the timing of the conference in 2007, 2008, and 2013. Plaintiff simply raises the bald allegations with no additional factual support.  This cannot be acceptable because surely if Plaintiff was in possession of such information it would have been included in the allegations.

Moreover, HISD did not create its own Summer reading program with the intent to deprive Springboards of the use of those trademarks.  HISD's Summer reading program was created simply to continue the education process of HISD students over the Summer when they were without access to school.  Essentially to stop the Summer slide of students losing the majority of what they learn during the

school year when out on Summer break.  HISD therefore did not act with the requisite intent under any eminent domain powers.  Springboards has therefore failed to state a claim for relief under the Texas Constitution, and this claim should be dismissed.

### E.    HISD is Entitled to Governmental Immunity from Plaintiff's Federal Unconstitutional Taking Claim (Count 9)

The Fifth Amendment Takings Clause states, "nor shall private property be taken for public use, without just compensation."  U.S. CONST. AMEND. V.  While Texas courts hold that sovereign immunity does not bar state constitution takings claims, the same cannot be said for federal takings claims.  As discussed above, the Supreme Court has held that states enjoy sovereign immunity from federal trademark claims.  *See Coll. Sav. Bank*, 527 U.S. at 691 (holding that states hold sovereign immunity with regards to claims under the Lanham Act).  The Supreme Court in *College Savings Bank* held that "federal courts are without jurisdiction to entertain [] suit against an arm of the State" under the Lanham Act, except for a few well-delineated exceptions that are not present here.  *See* Section A, *supra*. An exception to such immunity not previously discussed is the ability of Congress to abrogate a state's sovereign immunity pursuant to its Section 5 powers. However, Congress has not yet done so in the context of the Takings Clause.

As such, HISD is protected from suit as a political subdivision of the State, and the trademark taking claim under the U.S. Constitution is therefore barred.  *See*

23

*Tooke*, 197 S.W. 3d at 328-29, 330 n. 11.  Accordingly, Count 8 of Plaintiff's First Amended Complaint should be dismissed with prejudice.

### F.   Any Request to Amend the Pleading Should Be Denied as Futile and This Suit Should be Dismissed with Prejudice

Plaintiff already amended its Complaint in the face of HISD's initial Motion to Dismiss.  Plaintiff should not be afforded another opportunity to amend its pleading, and this suit should be dismissed with prejudice.

Leave to amend pleadings may be permitted where appropriate after a Rule 12(b)(6) motion to dismiss has been granted.  FED. R. CIV. P. 15(a).  "However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend 'is entrusted to the sound discretion of the district court.'"  *Bynane v. Bank of N.Y. Mellon*, No. H-15-2901, 2015 WL 8764272, at *8 (S.D. Tex. Dec. 15, 2015) (Atlas, J.) (quoting *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012)).  "The court may deny leave to amend . . . if the defects are incurable or the plaintiffs have already alleged their best case."  *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015).

In deciding whether to permit repleading, the court should consider the futility of amendment.  *Legate v. Livingston*, No. 15-40079, 2016 WL 2909229, at *3 (5th Cir. May 18, 2016).  "[A]n amendment is considered futile if it would fail to state a claim upon which relief could be granted."  *Id.*  Likewise, courts routinely deny leave to amend where a plaintiff has already attempted amendment

24

and failed to state a claim.  *See, e.g., U.S. ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 403–404 (5th Cir. 2004).

Here, despite ample notice of HISD's sovereign immunity, of which the law is clear, Plaintiff continues to allege its claims.  Moreover, despite a few cosmetic changes to the Complaint and the addition of a few facts regarding Plaintiff's self-importance in the education community, the claims themselves were not altered such that Plaintiff has overcome the original deficiencies in the Complaint.  *See Iqbal*, 556 U.S. at 679.  In fact, the First Amended Complaint was filed four months after HISD's initial Motion to Dismiss was filed.  (Dkt. No. 19.)  And yet, the First Amended Complaint fails to add any new factual bases to Plaintiff's claims, and it does not remedy the pleading defects, of which Plaintiff had ample notice.  Because Plaintiff already alleged its best case and any further amendment would be futile, dismissal without leave to amend is appropriate in this case.

Further, the Texas Supreme Court of Texas has held that dismissals due to governmental immunity are dismissals with prejudice.  *Harris Cnty.*, 136 S.W.3d at 639 ("Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined.").  The Fifth Circuit has likewise held that "summary judgment on grounds of sovereign immunity is a judgment on the merits for purposes of res judicata." *Flores v. Edinburg Consol. Indep. Sch. Dist.*, 741 F.2d 773, 775 n.3 (5th Cir. 1984).

As such, for the claims this Court finds insufficient to overcome HISD's claim of immunity, dismissal with prejudice is appropriate. Given the ineffectuality of Plaintiff's latest amendment, Plaintiff should not be given an additional opportunity to replead, and this case should be dismissed with prejudice.

## V.      CONCLUSION

For the foregoing reasons, Defendant Houston Independent School District respectfully requests this Court to dismiss Plaintiff's First Amended Complaint with prejudice against it pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

DATED:  May 26, 2017                          Respectfully submitted,

_/s/  Jonathan R. Spivey_
Jonathan R. Spivey
Attorney-in-Charge
State Bar No. 24002989
SDTX No. 1794958
Jonathan.Spivey@bracewell.com

LaTasha M. Snipes
State Bar No. 24072504
SDTX No. 1104850
Latasha.Snipes@bracewell.com

Bracewell LLP
711 Louisiana St., Ste. 2300
Houston, TX 77002
(713) 221-1500 (phone)
(713) 221-2194 (fax)
Attorneys for Houston Independent School District

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 26, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.1, 5.3.

*/s/ Jonathan R. Spivey*

Jonathan R. Spivey

#5474250.8