IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SPRINGBOARDS TO EDUCATION, INC., | |
| *Plaintiff,* | Case No. 4:16-cv-02625 |
| v. | JURY TRIAL DEMANDED |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, et al. | |
| *Defendant.* | |

**PLAINTIFF SPRINGBOARDS TO EDUCATION, INC.'S RESPONSE TO
DEFENDANT HOUSTON INDEPENDENT SCHOOL DISTRICT'S
RENEWED MOTION TO DISMISS**

# TABLE OF CONTENTS

SUMMARY ................................................................................................ 1

ARGUMENT ............................................................................................. 2

I.    HISD's Rule 12(b)(1) Motion on the State Law Claims is Moot ..................... 2

II.   HISD's Rule 12(b)(1) Motion on Federal Law Claims Should Be Denied ....... 2

III.  HISD's Rule 12(b)(6) Motion Should Be Denied ............................................ 4

     A.    HISD seeks to impose an interpretation of "in commerce" that is inconsistent with the Lanham Act. .......................................................... 4

     B.    Springboards has alleged sufficient facts in its First Amended Complaint to provide fair notice of and show a plausible right to relief for its Lanham Act Claims .................................................... 7

          1.    Springboards has provided sufficient notice of its Lanham Act claims for trademark infringement, counterfeiting, and false designation of origin. ................................................................. 8

          2.    Springboards has provided sufficient notice of its trademark dilution claim, including "commercial use" as that term is defined by applicable law ........................................................... 11

     A.    HISD has failed to assert a valid basis for dismissal of Springboards' State law unconstitutional taking claim ................................................. 14

     B.    HISD is not entitled to sovereign immunity on Springboards' Federal law unconstitutional taking claim ....................................................... 15

     C.    HISD is not entitled to dismissal of any claims with prejudice ............ 16

     D.    The Evidence Attached to HISD's Motion is Impermissible and Should Not Be Considered ................................................................ 17

     E.    Alternatively, HISD's Renewed Motion to Dismiss should be considered a motion for summary judgment ....................................... 17

CONCLUSION ........................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Advantage Rent-A-Car, Inc. v. Enterprise Rent-A-Car Co.,*
238 F.3d 378 (5th Cir. 2001) .......................................................................... 13

*Alden v. Maine,*
527 U.S. 706 (1999) ......................................................................................... 2

*Amazing Spaces, Inc. v. Metro Mini Storage,*
608 F.3d 225 (5th Cir. 2010) ........................................................................... 8

*Arnold v. Air Midwest, Inc.,*
100 F.3d 857 (10th Cir. 1996) ........................................................................ 18

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009) .................................................................................... 13

*Baker v. Putnal,*
75 F.3d 190 (5th Cir. 1996) ............................................................................ 17

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ................................................................................... 13, 14

*Black v. N. Panola Sch. Dist.,*
461 F.3d 584 (5th Cir. 2006) ............................................................................ 3

*Blackmon v. Am. Home Prods. Corp.,*
328 F. Supp. 647 (S.D. Tex. 2004) ................................................................... 7

*Board of Super. for LSU Agricultural and Mechanical College v. Smack Apparel Co.,*
550 F.3d 465 (5th Cir. 2008) .......................................................................... 19

*Elvis Presley Enter., Inc. v. Capece,*
141 F.3d 188 (5th Cir. 1998) ............................................................................ 9

*Farouk Systems, Inc. v. Costco Wholesale Corp.,*
700 F. Supp. 2d 780 (S.D. Tex. 2010) ............................................................ 10

*Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*,

    721 F.3d 264 (4th Cir. 2013) ........................................................................ 1, 18

*Harper v. Lawrence Cty.*,

    592 F.3d 1227 (11th Cir. 2010) ........................................................................ 18

*In re Elec. Data Sys. Corp. "ERISA" Litig.*,

    305 F. Supp. 2d 658 (E.D. Tex. 2004) ............................................................... 8

*In re Rockefeller Ct. Props., Inc. Secs. Litig.*,

    184 F.3d 20 (3rd Cir. 1999) ........................................................................ 1, 18

*Indest v. Freeman Decorating, Inc.*,

    164 F.3d 258 (5th Cir. 1999) ........................................................................ 17

*Interstate Batter Sys. of Am. v. Wright*,

    811 F. Supp. 237 (N.D. Tex. 1993) ................................................................ 10

*Khansari v. City of Houston*,

    14 F. Supp. 3d 842 (S.D. Tex. 2014) .............................................................. 16

*Marathon Mfg. Co. v. Enerlite Prods. Corp.*,

    767 F. 2d 214 (5th Cir. 1985) ......................................................................... 9

*Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*,

    671 F.3d 526 (5th Cir. 2012) ........................................................................ 18

*Ramming v. United States*,

    281 F.3d 158 (5th Cir. 2001) .......................................................................... 8

*Sahu v. Union Carbide Corp.*,

    548 F.3d 59 (2d Cir. 2008) ......................................................................... 1, 18

*San Antonio ISD v. McKinney*,

    936 S.W.2d 279 (Tex. 1996) ........................................................................... 3

*Scanlan v. Texas A&M Univ.*,

    343 F.3d 533 (5th Cir. 2003) ........................................................................ 17

*Scheuer v. Rhodes*,

    94 S. Ct. 1683 (1974) ................................................................................. 4, 7

*Severance v. Patterson,*
 566 F.3d 490 (5th Cir. 2009)......................................................................... 15

*Speaker v. U.S. Dept. of H&HS Ctrs. for Disease Control & Prevention,*
 623 F.3d 1371 (11th Cir. 2010)..................................................................... 17

*Sport Supply Grp., Inc. v. Columbia Cas. Co.,*
 335 F.3d 453 (5th Cir. 2003)........................................................................... 6

*Steele v. Bulova Watch Co.,*
 344 U.S. 280 (1952)....................................................................................... 6

*Tempur-Pedic Int'l Inc. v. Angel Beds LLC,*
 902 F. Supp. 2d 958 (S.D. Tex. 2012)........................................................... 7

*United We Stand Am., Inc. v. United We Stand, Am. N.Y., Inc.,*
 128 F.3d 86 (2nd Cir. 1997)........................................................................... 5

*Weise v. Casper,*
 507 F.3d 1260 (10th Cir. 2007).................................................................... 18

*Xtreme Lashes, LLC v. Xtended Beauty, Inc.,*
 576 F.3d 221 (5th Cir. 2009)........................................................................ 18

## R<small>ULES</small>

Fed. R. Civ. P. 12(d) ................................................................................. 1, 18

Fed. R. Civ. P. 23(d) .................................................................................... 18

## S<small>TATUTES</small>

15 U.S.C. §1114(1)(b) ................................................................................... 9

15 U.S.C. § 1125(c)(1) ................................................................................. 12

## SUMMARY

Defendant HISD's Renewed Motion to Dismiss ("Renewed Motion") should be denied. The factual allegations set forth in Springboards for Education, Inc.'s ("Springboards") First Amended Complaint ("FAC") (Dkt. No. 64) are more than sufficient to show a plausible right to recovery for HISD's trademark counterfeiting, trademark infringement, false designation of origin, and trademark dilution claims brought under the Lanham Act, and the state and federal unconstitutional taking claims.

Additionally, HISD's motion improperly peppers its argument with unsubstantiated factual assertions outside of the pleadings that should not be considered by this Court. Should the Court elect to consider those additional factual assertions, the Court should treat HISD's motion as a motion for summary judgment and deny the motion because there are genuine material facts in dispute. At a minimum, the Court should provide Springboards with notice of the conversion and an opportunity to conduct reasonable discovery. Fed. R. Civ. P. 12(d); *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013); *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008); *In re Rockefeller Ct. Props., Inc. Secs. Litig.*, 184 F.3d 20, 287-288 (3rd Cir. 1999).

## ARGUMENT

### I.   HISD'S RULE 12(B)(1) MOTION ON THE STATE LAW CLAIMS IS MOOT

In pleadings filed separately from this response, Springboards is dismissing its state law claims against HISD without prejudice. Accordingly, HISD's 12(b)(1) motion based on its claim of governmental immunity from state law claims will be moot.

### II.   HISD'S RULE 12(B)(1) MOTION ON FEDERAL LAW CLAIMS SHOULD BE DENIED

In its Renewed Motion, HISD seeks dismissal of Springboards' federal trademark claims under the Lanham Act on the grounds that HISD is allegedly "immune from suit on these claims." *See HSID's Motion* (Dkt No. 69) at pp. 5-6. This is an inaccurate representation of the law on governmental immunity and is not a valid basis for dismissal of Springboards' federal law claims.

While it may be true that an independent school district is considered a "political subdivision of the State" for purposes of claims brought pursuant to state law (i.e. the Texas Tort Claims Act), an independent school district in Texas is not considered an "arm of the State" and is not entitled to sovereign immunity for claims brought in federal court pursuant to federal law. The Supreme Court of the United States has held that Eleventh Amendment sovereign immunity does not prohibit suits against lesser governmental entities not considered "an arm of the State." *See Alden v. Maine*, 527 U.S. 706, 756 (1999), *citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*,

429 U.S. 274, 280 (1977). And in *San Antonio ISD v. McKinney,* the Texas Supreme Court held that:

> Although our independent school districts are creatures of the State and receive substantial funds for their operation from the state, *they are independent political entities ...*

Having determined that independent school districts in Texas are separate political entities and in light of the fact that any judgment against an independent school district "must be paid from the funds of the school district, whether generated locally or appropriated by the State, not from the state treasury," the Texas Supreme Court ultimately held that "**an independent school district is more like a city or county than it is like an arm of the State of Texas and is amenable to suit in federal court under the Eleventh Amendment to the United States Constitution.**" 936 S.W.2d 279, 284 (Tex. 1996), *citing Mt. Healthy,* 429 U.S. at 280; *see also Black v. N. Panola Sch. Dist.,* 461 F.3d 584, 596 (5th Cir. 2006)(stating "[g]enerally, school boards and districts are not arms of the state shielded by Eleventh Amendment immunity"). As such, binding precedent holds that an independent school district is not a political subdivision of the State of Texas and is amenable to suit in federal court for claims of trademark infringement under the Lanham Act. Accordingly, HISD's Rule 12(b)(1) motion as to Springboards' trademark infringement claims brought pursuant to the Lanham Act should be denied.

III.   HISD'S RULE 12(B)(6) MOTION SHOULD BE DENIED

HISD's challenge to Counts I, II, III, and IV (trademark counterfeiting, trademark infringement, false designation of origin, and trademark dilution under the Lanham Act) is based on a misapplication of the standards of Rule 12(b)(6). Rather than applying the liberal pleading requirements under the Federal Rules of Civil Procedure, which require only that the pleadings be plausible on their face, HISD improperly seeks to force Springboards to establish each and every allegation and claim at the pleading stage. *See Scheuer v. Rhodes*, 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 102 S. Ct. 2727 (1982)(the issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims). Moreover, HISD seeks to employ an inaccurate interpretation of "use in commerce" under the Lanham Act.

**A.    HISD seeks to impose an interpretation of "in commerce" that is inconsistent with the Lanham Act.**

In its Renewed Motion, HISD asserts that "noncommercial educational services cannot be the basis for any viable Lanham Act claim." *See HISD's Renewed Motion* (Dkt. No. 69) at pp. 13-14. However, this assertion mistakes the non-profit mission of the public schools for a lack of commercial activity. And profit is not a requirement for a Lanham Act claim. *United We Stand Am., Inc. v. United We Stand, Am. N.Y., Inc.*, 128 F.3d 86, 92 (2nd Cir. 1997)("[T]he history and text of the Lanham Act show that 'use

in commerce' reflects Congress's intent to legislate to the limits of its authority under the Commerce Clause, rather than to limit the Lanham Act to profit-seeking uses of a trademark."). The phrase "commercial use," as applied to Lanham Act claims, refers to Congress's broad powers under the Commerce Clause, and it does not limit the Lanham Act only to for-profit or purely commercial transactions. *See id.* (*citing OBH, Inc. v. Spotlight Magazine, Inc.,* 86 F. Supp. 2d 176, 185 (W.D.N.Y. 2000) ("'Use in commerce' is simply a jurisdictional predicate to any law passed by Congress under the Commerce Clause.")).

Carried through to its logical conclusion, HISD's argument would mean that non-profit entities, such as public school districts, essentially are excused from any and all intellectual property violations under the Lanham Act. Yet, the Lanham Act has "been applied to defendants furnishing a wide variety of noncommercial public and civic benefits." *See United We Stand Am,* 128 F. 3d 86 at 90 (citing to cases where the Lanham Act was applied to public service projects such as the Special Olympics, half-way houses, community betterment programs, and solicitation of donations). And the U.S. Supreme Court has acknowledged that "it is well settled that the scope of 'in commerce' as a jurisdictional predicate of the Lanham Act is broad and has a sweeping reach." *Steele v. Bulova Watch Co.,* 344 U.S. 280, 283 (1952).

Here, Springboards alleges that HISD placed orders with Augusta for materials and promotional items containing the Springboards trademarks and that upon purchasing those materials, HISD used the promotional items in conjunction with its summer reading program entitled the "HISD Millionaire Club Summer Reading Program." There can be no dispute that HISD's *purchase* of these materials was commercial in nature. Moreover, HISD's use of these infringing materials has impacted and interfered with commerce in that it has disrupted Springboards' sale of materials, including its literacy-promotion goods and services sold to school districts under the protected names of "Million Dollar Reader," "Millionaire's Reading Club," "Millionaire Reader" and "Read a Million Words."

HISD's argument that there are no viable facts to establish the "in commerce" requirement of the Lanham Act is contrary to the well settled law, inconsistent with the stated purpose of trademark protection under federal law, and is inconsistent with another opinion previously issued against HISD on Lanham Act claims brought within this very District.[1]

---

[1] *See* Springboards for Education, Inc.'s Request for Judicial Notice of a prior decision by Judge Werlein of the Southern District of Texas denying HISD's motion seeking dismissal of Lanham Act claims; *see also, Sport Supply Grp., Inc. v. Columbia Cas. Co.,* 335 F.3d 453, 460 (5th Cir. 2003)(stated purpose of federal trademark law is to protect consumers against confusion and to protect merchants' investments in the names and marks in which they have earned goodwill)

**B.**     **Springboards has alleged sufficient facts in its First Amended Complaint to provide fair notice of and show a plausible right to relief for its Lanham Act Claims**

HISD's challenge to Springboards' Lanham Act claims is based on a misapplication of the standards of Rule 12(b)(6). Specifically, HISD improperly seeks to force Springboards to establish each and every allegation and claim at the pleading stage. *See Scheuer v. Rhodes,* 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by Harlow v. Fitzgerald,* 102 S. Ct. 2727 (1982)(the issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims). Yet, Fifth Circuit case law is clear that "[a] motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Blackmon v. Am. Home Prods. Corp.,* 328 F. Supp. 647, 651 (S.D. Tex. 2004) quoting *Collins v. Morgan Stanley Dean Witter,* 224 F. 3d 496, 498 (5th Cir. 2000). Contrary to HISD's assertions, at the pleading stage, Springboards need only plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of [an essential element of plaintiff's claim]." *Tempur-Pedic Int'l Inc. v. Angel Beds LLC,* 902 F. Supp. 2d 958, 971 (S.D. Tex. 2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Notice pleading is premised on the fact that federal practice includes "liberal opportunity for discovery" that will later assist a party to "better disclose the basis of a claim" than what is possible at the initial pleading phase. *Id.* (*citing Swierkiewicz v. Sorema N.A.,* 534

U.S. 506, 512 (2002)). Rule 12(b)(6)'s low threshold is aligned with the purpose of notice pleading: to simply give Defendant notice of the claims, such that the Defendant can prepare a defense. *In re Elec. Data Sys. Corp. "ERISA" Litig.*, 305 F. Supp. 2d 658, 663-664 (E.D. Tex. 2004).

As the movant, HISD carries the burden of showing that Springboards has failed to plead a claim for relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). HISD has not satisfied this burden and its Renewed Motion to Dismiss should be denied.

> **1.    Springboards has provided sufficient notice of its Lanham Act claims for trademark infringement, counterfeiting, and false designation of origin.**

The Fifth Circuit has reduced the inquiry regarding federal Lanham Act trademark infringement to two essential elements: (1) does the plaintiff have a protectable right in the mark? and (2) will the defendant's use of the mark, or a substantially similar mark, create a likelihood of confusion as to the source, endorsement, affiliation, or sponsorship of the product or service? *See Amazing Spaces, Inc. v. Metro Mini Storage,* 608 F.3d 225, 235-236 (5th Cir. 2010). Similarly, the elements of a counterfeiting claim under the Lanham Act are (1) the plaintiff owns a registered trademark; (2) the defendant reproduced, counterfeited, copied or colorably imitated plaintiff's registered mark in connection with the sale, offering for sale,

distribution, or advertising of any goods or services; and (3) that such use is likely to cause confusion or mistake or to deceive another as to the source, endorsement, affiliation or sponsorship of the product or service. *See* 15 U.S.C. §1114(1)(b). Still further, acts that constitute federal trademark infringement under the Lanham Act also support a recovery for false designation of origin under § 43(a)(1)(A). *See Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 767 F. 2d 214, 217 (5th Cir. 1985)(per curiam).

As to the first element, ownership of a federal registration enables a trademark owner to meet the threshold requirement of a protectable interest in a mark and shifts the burden to the defendant to prove the mark is not protectable. *Elvis Presley Enter., Inc. v. Capece,* 141 F.3d 188, 194 (5th Cir. 1998).

HISD complains that the FAC "fails to identify the allegedly infringing acts of each of the named defendants" such that HISD is "left to guess how and when it allegedly infringed each trademark." *See* HISD's Renewed Motion (Dkt. No. 69) at pp. 11-12. To the contrary, Springboards' FAC sufficiently pleads each of these elements. The FAC specifies which trademarks are owned by Springboards (and identifies each by its federal registration number) and alleges that HISD purchased materials and promotional items bearing Springboards' Trademarks and/or counterfeits of those marks, and that HISD knowingly and intentionally distributed and publicly displayed

the items bearing Springboards' Trademarks and/or counterfeits of those marks in conjunction with HISD's Millionaire Reading Club summer reading program. *See Farouk Systems, Inc. v. Costco Wholesale Corp.*, 700 F. Supp. 2d 780, 785-786 (S.D. Tex. 2010) (hair product manufacturer's allegation that it owned registered trademark for haircare products and that defendant offered for sale products bearing the manufacturer's trademark was sufficient to state a claim for trademark infringement and false designation of origin); *Interstate Batter Sys. of Am. v. Wright*, 811 F. Supp. 237, 243 (N.D. Tex. 1993) quoting 15 U.S.C. §1117(b). ("In order for Plaintiff to prevail on its counterfeiting claim, it must show that Defendant infringed a registered trademark in violation of 15 U.S.C. 1114(a)(1) and also that they 'intentionally used a mark...knowing such mark...is a counterfeit mark.'").

Moreover, Springboards' FAC alleges that HISD has used the exact "Million Dollar Reader" and "Millionaire Reader" marks on paper goods as demonstrated in Exhibit B to the Complaint, and that Springboards owns registrations for certificates, posters and other printed goods in International Class 16 for the "Million Dollar Reader" and "Millionaire Reader" marks. Dkt. 1, Ex. B at 10 (showing paper certificates or posters bearing the "Million Dollar Reader" mark); Dkt. 1, Ex. B at 13 (showing a printed document bearing the "Millionaire Reader" mark); Dkt. 1, Ex. A.

Given these specific allegations regarding Springboards' Lanham Act claims, HISD cannot honestly claim to be unaware of the nature of the allegations against it.

Because Springboards has provided more than ample notice of its trademark infringement, counterfeiting, and false designation of origin claims against HISD, HISD's motion to dismiss must be denied.

> ### 2.   Springboards has provided sufficient notice of its trademark dilution claim, including "commercial use" as that term is defined by applicable law

HISD's arguments for dismissal of Springboards' trademark dilution claim is two-fold: (1) HISD claims that (1) Springboards has "failed to allege viable facts to support that its trademark (sic) is famous and distinctive...." and (2) any use of Springboards' trademarks by HISD was non-commercial in nature and, therefore, exempt from the Federal Anti-Dilution Act. (Dkt. No. 69), p. 15.  HISD's arguments are demonstrably meritless and cannot support the dismissal of Springboards' trademark dilution claim under Rule 12.

In determining whether a mark is distinctive and famous, a court may consider such factors as: (A) the degree of inherent or acquired distinctiveness of the mark; (B) the duration and extent of use of the mark in connection with the goods or services with which the mark is used; (C) the duration and extent of advertising and publicity of the mark; (D) the geographical extent of the trading area in which the mark is used;

(E) the channels of trade for the goods or services with which the mark is used; (F) the degree of recognition of the mark in the trading areas and channels of trade used by the marks' owner and the person against whom the injunction is sought; (G) the nature and extent of use of the same or similar marks by third parties; and (H) whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register. *See* 15 U.S.C. § 1125(c)(1).

Springboards has plead sufficient facts supporting its claim that the Springboards trademarks are famous. In its FAC, Springboards alleges that Springboards began offering to sell, marketing and selling products and services bearing the Springboard Trademarks at least as early as 2005, that Springboards' Trademarks are registered on the Principal Register of the U.S. Patent and Trademark Office, and that Springboards has experienced exclusive and extensive use and promotion of the Springboards trademarks for over a decade. *See* Dkt. No. 64 at p. 10. Springboards further alleges that its Read a Million Words® Campaign has been successful and is well known within the education field, that Springboards' creator, Mr. Lopez, has attended dozens of conferences across the county over the past decade, marketing Springboards' Trademarks and its Read a Million Words® Campaign, and that Mr. Lopez twice presented the program at the prestigious International Literacy Association's reading conference. Dkt. No. 64 at p. 7. Overall, Springboards has

provided marketing materials and other communications about the program to hundreds, if not thousands, of educators, librarians, and school administrators across the country. Dkt. No. 64 at p. 8. Taking these facts as true, as this Court must in considering HISD's Renewed Motion, there is more than ample allegation that the Springboards trademarks are famous within their industry. *See Advantage Rent-A-Car, Inc. v. Enterprise Rent-A-Car Co.*, 238 F.3d 378, 380-381 (5th Cir. 2001) (trademark owner need only prove his mark is famous within a particular niche industry as opposed to any broader market). Springboards alleges that HISD has used and is using Springboards' Trademarks to identify and promote its Millionaire Club summer reading program and, in doing so, is attempting to capitalize on the goodwill associated with Springboards' famous marks.

Because Springboards has plead factual content that allows this Court to draw the reasonable inference that HISD is liable for trademark dilution, HISD's motion to dismiss the trademark dilution claim must be denied. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Twombly*, 127 S. Ct. at 1964-65 (A complaint "does not need detailed factual allegations" but must merely "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)").

### A.     HISD has failed to assert a valid basis for dismissal of Springboards' State law unconstitutional taking claim

HISD claims, without explanation, that it is entitled to sovereign immunity from Springboards' state unconstitutional taking claim because it did not know of the existence of Springboards' Trademarks "despite Plaintiff's vague allegations." (Dkt. No. 69 at p. 22). More specifically, HISD complains that Springboards has not provided sufficient factual detail to support the allegation that HISD was aware of Springboards' Trademarks. For example, HISD complains that Springboards did not identify the "location or timing" of the conferences in its FAC. (Dkt. No. 69 at p. 22). As noted above, Springboards need only "raise a right to relief above the speculative level" and is not required to plead "detailed factual allegations." *Twombly,* 127 S. Ct. at 1964-65. Springboards also alleges that two HISD employees (identified by full name) attended conferences in 2007 and 2008 and spoke with Springboards' representatives regarding its program. (Dkt. No. 64, ¶ 101). Taking these allegations as true, Springboards has plead sufficient factual allegations to support the actual notice element of its state law claim for unconstitutional taking. Additional details regarding the location and timing of these conferences is not necessary to provide fair notice of Springboards' unconstitutional taking claim under the Texas Constitution and HISD's motion to dismiss this claim must be denied.

**B.**     **HISD is not entitled to sovereign immunity on Springboards' Federal law unconstitutional taking claim**

Next, HISD asserts that Springboards' claim for unconstitutional taking under federal law must be dismissed because (1) HISD is entitled to governmental immunity on all federal law claims; and (2) HISD did not create its summer reading program with the intent to build on the goodwill of Springboards' trademarks or deprive Springboards of the use of its marks. *See* (Dkt. No. 69) at p. 23. First, it should go without saying that there is no governmental immunity defense to a takings claim brought under the 5th Amendment. The 5th Amendment, by its very nature, only applies to the government. It is a check on governmental power and protects the property interests of all citizens against the uncompensated taking of private property rights. *Severance v. Patterson*, 566 F.3d 490, 512 (5th Cir. 2009), certified question accepted (May 15, 2009), certified question answered, 345 S.W.3d 18 (Tex. 2010) ("the Fifth Amendment, then, construed here through the lens of the Fourteenth Amendment, that ensures that the State must respect private property by curtailing the purpose for which the State may take (be it title, physical possession, or some crucial stick from the bundle of property rights), and requiring that when the State does take, it pay for the privilege.").

Moreover, whether HISD did or did not intent to create a program building on the goodwill of Springboards' Trademarks is an improper inquiry at this stage. *See*

15

*Khansari v. City of Houston,* 14 F. Supp. 3d 842, 849 (S.D. Tex. 2014) (Rule 12 motion to dismiss cannot be used to resolve factual issues or the merits of the case). For these reasons, HISD's motion to dismiss Springboards' federal claim for unconstitutional taking should be denied.

### C.   HISD is not entitled to dismissal of any claims with prejudice

Springboards' state law claims brought pursuant to the Texas anti-dilution statute, for common law trademark infringement and for common law unfair competition are being voluntarily dismissed by Springboards and, therefore, will not be live claims subject to Fed. R. Civ. P. 12(b)(6). Likewise, dismissal with prejudice of the remaining claims cited in the FAC and challenged in HISD's Renewed Motion is inappropriate. Because a motion brought pursuant to Rule 12(b)(6) tests the formal sufficiency of the plaintiff's complaint and cannot be used to resolve factual issues or the merits of the case, and because Springboards has sufficiently plead factual allegations showing plausible claims for relief for trademark infringement, counterfeiting, false designation of origin, trademark dilution, and unconstitutional taking under both state and federal law, HISD is not entitled to dismissal of any claims asserted in the FAC—much less dismissal with prejudice. On this basis, HISD's motion should be denied.

### D.   The Evidence Attached to HISD's Motion is Impermissible and Should Not Be Considered

Generally, in deciding a motion to dismiss for failure to state a claim upon which relief may be granted, a court must not look beyond the four corners of the plaintiff's pleadings. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Extrinsic materials may only be considered by the court if central to the claim and attached to or incorporated by reference into the plaintiff's complaint. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Yet HISD has incorporated a "Statement of the Facts" into its brief with a whole host of its "facts" that it would like the Court to consider at face value. It is not clear where these facts come from because there are no citations or references to a record. In short, these "facts" are not supported by any admissible evidence. Because the "facts" are not attached to or incorporated by reference in Springboards' FAC, they should not be considered.

### E.   Alternatively, HISD's Renewed Motion to Dismiss should be considered a motion for summary judgment

Alternatively, should the Court elect to consider HISD's "facts," the Court should treat HISD's motion as a motion for summary judgment. As such, the motion should be denied because there are genuine issues of material fact in dispute. *See Speaker v. U.S. Dept. of H&HS Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *Weise v. Casper*, 507 F.3d 1260, 1267 (10th Cir. 2007); Fed. R.

Civ. P. 12(d); *Harper v. Lawrence Cty.*, 592 F.3d 1227, 1232 (11th Cir. 2010)(if the court decides it will not consider evidence attached to a motion to dismiss, the evidence is essentially excluded, but the court is not required to take any formal steps).

In the event the Court elects to convert HISD's motion to a motion for summary judgment, it should provide the parties with proper notice to prevent unfair surprise, and allow an opportunity to conduct reasonable discovery. Fed. R. Civ. P. 23(d); *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013); *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008); *In re Rockefeller Ct. Props., Inc. Secs. Litig.*, 184 F.3d 20, 287-288 (3rd Cir. 1999); *Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 859 n. 2 (10th Cir. 1996).

Alternatively, should the Court deny notice and reasonable discovery, converting HISD's motion to a summary judgment requires denial of HISD's motion in its entirety based on what is known to date and given the existence of genuine issues of material fact as to each cause of action asserted in Springboards' FAC. To begin with, the likelihood of confusion analysis, which applies to each of Springboards' trademark claims brought pursuant to the Lanham Act, involves questions of fact to be weighed by the trier of fact. *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 532 (5th Cir. 2012) (likelihood of confusion is a question of fact); *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009); *Board of Super.*

*for LSU Agricultural and Mechanical College v. Smack Apparel Co.*, 550 F.3d 465, 478 (5th Cir. 2008).

When assessing the likelihood of confusion, courts must consider a non-exhaustive list of so-called "digits of confusion," including: (1) the type of mark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the products or services, (4) the identity of the retail outlets and purchasers, (5) the identity of the advertising media used, (6) the defendant's intent, and (7) any evidence of actual confusion. *Id.* Courts also consider the degree of care exercised by potential purchasers. *Id.* No single factor is dispositive, and a finding of a likelihood of confusion need not be supported by a majority of the factors. *Id.* Although discovery is needed in this case in order to fully and adequately address a number of these factors, Springboards has sufficiently plead its ownership of the Springboards trademarks and that HISD has purchased and distributed promotional materials and other items bearing unauthorized and/or counterfeit versions of the Springboards trademarks. *See* Dkt. No. 64. Indeed, based on what is known to date, sufficient evidence exists to create a genuine issue of material fact regarding the similarity between the Springboards trademarks and those used by HISD and the similarity of the reading programs and promotional materials at issue in this case. *See Declaration of Johnny Lopez,* attached hereto as Exhibit A, evidencing significant similarities

between materials used by Springboards in its program and bearing authentic Springboards trademarks and almost identical promotional materials purchased and distributed by HISD and bearing unauthorized and/or counterfeit versions of the Springboards trademarks.

Thus, in the event the Court elects to consider the evidence improperly attached to HISD's Renewed Motion, it should convert this motion to a motion for summary judgment and provide the parties with notice of the conversion and an opportunity to conduct reasonable discovery. Alternatively, the Court should dismiss HISD's Renewed Motion due to the existence of genuine issues of material fact as to each of Springboards' claims against HISD.

## CONCLUSION

The Court should deny Houston Independent School District's Renewed Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6). Alternatively, the Court should convert HISD's motion to a motion for summary judgment and provide the parties notice and an opportunity to conduct reasonable discovery before responding, or deny HISD's motion in its entirety due to the existence of genuine issues of material fact.

Dated: June 16, 2017

Respectfully submitted,

/s/ *Gary Sorden*

Gary Sorden
Attorney-in-Charge
Texas Bar No. 24066124
SDTX No. 2979984
gary.sorden@klemchuk.com
Darin M. Klemchuk
Texas Bar No. 24002418
SDTX No. 23662
darin.klemchuk@klemchuk.com
Brian Casper (*admitted via pro hac vice*)
Texas Bar No. 24075563
brian.casper@klemchuk.com
Mandi Phillips
Texas Bar No. 24036117
SDTX No. 719126
mandi.phillips@klemchuk.com
KLEMCHUK LLP
8150 N. Central Expressway
10th Floor
Dallas, Texas 75206
Tel: 214-367-6000
Fax: 214-367-6001

Ruben DeLeon (*admitted via pro hac vice*)
Texas Bar No. 00790577
rdeleon@deleonlawgroup.com
DELEON LAW GROUP PC
15851 Dallas Parkway, Suite 600
Addison, Texas 75001
Tel:  214-561-8687
Fax:  877-488-8983

Valerie Wilde (*admitted via pro hac vice*)
Texas Bar No. 24075628
valerie@yanaroslaw.com
YANAROS LAW, P.C.
15851 Dallas Parkway, Suite 600
Addison, Texas 75001
Tel:  512-826-7553
Fax:  877-488-8983

ATTORNEYS FOR PLAINTIFF
SPRINGBOARDS TO EDUCATION, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 16, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rules 5.1, 5.3.


*/s/ Gary R. Sorden*
Gary R. Sorden