United States District Court
Southern District of Texas

**ENTERED**
July 20, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC., | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:16-cv-2625 |
| v. | § § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, AUGUSTA MARKETING PRODUCTS, LLC. TARHEEL PROMOTIONS, INC. and KATHY BAKER, | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | | |

**STIPULATED ORDER REGARDING E-DISCOVERY**

Springboards to Education, Inc., Houston Independent School District, and Augusta Marketing Products, LLC respectfully move the Court for entry of the proposed Order Regarding E-Discovery as follows:

1. This order supplements all other discovery rules and orders. It streamlines production of Electronically Stored Information ("ESI") to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost shifting determinations.

4. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email production requests.

5. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or service.

6. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper timeframe.

7. Each requesting party shall limit its email production requests to a total of ten (10) custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

8. Each requesting party shall limit its email production requests to a total of ten (10) search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues.

9. Indiscriminate terms, such as the producing party's name or its product/service name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12. The production protocol is attached hereto as Exhibit 1 and incorporated herein.

SIGNED: _July 19_, 2017

_____
U.S. DISTRICT JUDGE

APPROVED & ENTRY REQUESTED

Date: July 18, 2017                                  /s/ Valerie Wilde (by W. Stowe w/ permission)
                                                       Valerie Wilde (LEAD ATTY)
(admitted pro hac vice)
TX Bar No. 24075628
YANAROS LAW, P.C.
15851 Dallas Parkway, Suite 600
Addison, TX 75001
valerie@yanaroslaw.com
Telephone: (512) 826-7553
Facsimile: (877) 488-8983

Ruben C. DeLeon
(admitted pro hac vice)
TX Bar No. 00790577
DELEON LAW GROUP PC
15851 Dallas Parkway, Suite 600
Addison, TX 75001
rdeleon@deleonlawgroup.com
Telephone: (214) 561-8687
Facsimile: (877) 488-8983

**Counsel for Plaintiff Springboards to Education, Inc.**

/s/ LaTasha Snipes (by W. Stowe w/ permission)
Jonathan R Spivey
(LEAD ATTY)
LaTasha Mabry Snipes
BRACEWELL LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002
jonathan.spivey@bracewell.com
latasha.snipes@bracewell.com

**Counsel for Defendant Houston Independent School District**

/s/ John K. Edwards
John K. Edwards
(LEAD ATTY)
William J. Stowe
JACKSON WALKER LLP
1401 McKinney Street, Suite 1900
Houston, TX 77010

jedwards@jw.com
wstowe@jw.com

**Counsel for Defendant Augusta Group LLC**

## Proposed Production Protocol

**Electronically Stored Information**

1. ESI will be produced in Concordance (.dat) with Opticon (.opt) image load file format. ESI will be produced as Group IV, 300 DPI, single-page TIFF images. File names cannot contain spaces. All black/white images must be in 1-bit TIF images and color documents must be in 24-bit JPG files.

2. Extracted text of a document must be delivered on a document level. All text for a single document should be contained within one file. The name of the file should be the beginning bates number of the document (BEGDOC.txt). If there are non-searchable electronic documents and the text cannot be extracted, the parties agree to provide OCR text for those documents.

3. Upon request and demonstration of need, the parties will meet and confer to discuss production in an alternative load file format, to produce without load files, or to produce additional metadata on specific documents.

4. Every document referenced in a production image load file shall have all corresponding images, text, and data. Redacted text shall not be included in a redacted document's text file.

5. Every image in the delivery volume shall be contained in the image load file.

6. The image key shall be named the same as the Bates number of the page. Every image will contain a unique Bates number and a prefix that identifies the party producing the document.

7. The Concordance (.dat) load file with Opticon (.opt) Image load file format is a delimited ASCII file containing all information necessary to insert links into the magebase. The load file shall reference the metadata and coding fields below:

## ESI METADATA and CODING FIELDS

| FOR ALL DOCUMENTS | |
|---|---|
| BEG BATES | Beginning Bates number as stamped on the production image |
| END BATES | Ending Bates number as stamped on the production image |
| BEG ATTACH | First production Bates number of the first document in a family |
| END ATTACH | Last production Bates number of the last document in a family |
| | |
| FILE EXTENSION | Extension for file (examples: .doc, .xlsx) |
| MD5HASH | |
| CONFIDENTIALITY | As part of the load file, documents that have been marked confidential or highly confidential should also have the confidentiality field populated with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" |
| REDACTIONS | Any document produced with redactions will be identified with a redaction field populated with the word "REDACTION." |
| TEXT/OCR | Extracted text will be provided, if available, all other documents will be produced with OCR text. |
| | |
| FOR EMAIL DOCUMENTS | |
| TO | All recipients on the "TO" line |
| FROM | All recipients on the "FROM:" line |
| CC | All recipients on the "CC:" line |
| BCC | All recipients on the "BCC:" line |
| DATE/TIME | |
| SUBJECT | Subject line |

**Hard Copy Documents**

1. Image will be produced in Group IV, 300 DPI, single-page TIFF format. File names cannot contain spaces.
2. A database load file (delimited text) must be produced with, at a minimum, the BEG BATES and END BATES.
3. OCR text will be delivered with all hard copy documents scanned into electronic form. All text for a single document should be contained within one file. The name of the file should be the beginning bates number of the document (BEGDOC.txt).
4. An Opticon load file (OPT) will be provided for hard copy productions.
5. A coded field will be provided for any hard copy documents that contain redactions.
6. A coded field will be provided for any hard copy document that have been marked confidential pursuant to the protective order.